No. 12,774.

STATE OF LOUISIANA EX REL. WILLIAM HENRY STUART VS. HON. T. C. ELLIS, JUDGE, AND CELINA M. BURKHARDT.

The wife obtained a judgment of separation from bed and board, but did not apply for alimony prior to the judgment.

After judgment of separation from bed and board, proceeding by rule for alimony, being an accessory to the principal demand is permissible.

Pension is due during the marriage. The marriage ties are not dissolved by the decree of separation from bed and board.

O N APPLICATION for Writs of Prohibition and *Certiorari.*

---

*J. Q. Flynn* for Relator.

---

*Simeon Belden* for Respondent.

---

Submitted on briefs March 21, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

BREAUX, J.· This was an application for writs of prohibition and *certiorari*.

The grounds of the application are:

1. That after judgment of separation from bed and board proceeding by rule for alimony is not permissible.

2. That alimony can be allowed the wife only prior to such a judgment.

The facts are that a judgment of separation from bed and board was recently pronounced in favor of relator's wife, to whom in the judgment the court also gave the care and custody of the children of the marriage.

From this judgment the defendant's husband, relator here, has not taken an appeal.

After the judgment of separation from bed and board had been rendered, the wife of relator filed a rule for alimony, which was allowed, for part of the amount which was asked by her.

The judge of the court *a qua* who is the respondent here, properly held that the judgment of separation is not final and did not have the effect of annulling the marriage; that plaintiff in the case of the wife against the husband, which resulted as before stated, was still, despite the separation from bed and board, the wife of the defendant. He for these reasons made the rule absolute for ten dollars per month, from October 3, 1898, to March 3, 1898, and at the rate of twenty-five dollars per month from March 3, 1898, until the further order of the court and for costs.

The relator seeks to have this judgment reversed and vacated.

We take it that no one will deny that a rule is the proper action during the progress of a contestation, in matters incidental to the principal demand. The proceeding by rule in such incidental matters is expressly allowed by the rules of practice. It is left for us to determine whether the wife's rule for alimony was filed as an incident of the main demand, for in that case the process by rule is proper.

In our mind the judgment of separation from bed and board is not a final proceeding. The relation of husband and wife still exist.

A reconciliation may put an end to the judgment. If no reconciliation take place, it may serve as a basis for a divorce at the end of one year. The twelve months' grace is given by law, as we appre-

FIFTIETH ANNUAL REPORTS, 1898. 561 .

State ex rel. Stuart vs. Ellis (Judge) and Burkhardt.

ciate, to find out if there will not be a change for the better, and possibly avoid the necessity of forever dissolving marriage ties which should never be dissolved, save when there is ample evidence that the marriage, instead of being a blessing, is the reverse.

During the twelve months of moral trial, an application by rule to show cause why alimony should not be paid may well be considered as incidental to the suit in which was rendered the judgment for separation from bed and board. The proceeding until the divorce is in character provisional, and may include a rule for alimony as needful to carry out the object of the law in allowing the separation from bed and board.

Our conclusion being that the proceeding by rule was permissible, we pass to a consideration of the next objection raised.

This objection is founded upon the hypothesis that the plaintiff hap no right whatever to alimony; after her demand had been granted and a judgment of separation from bed and board entered, that all of her rights to date had been passed upon. That now the allowance of alimony would in effect amend the judgment which had been rendered without granting alimony. It is clear in our judgment while the relation of husband and wife exist, after the demand of separation from bed and board, and until the matrimonial ties are severed or a reconciliation had taken place, the right to alimony is a continuing right. It was not terminated, ended or destroyed by the judgment silent upon the subject. Plaintiff was entitled to moderate allowance for support and maintenance during the twelve months.

We have found no decision after some search bearing directly upon the point now before us for determination.

As an original proposition, without the assistance of any decision, by this court, interpreting the articles of the Civil Code upon this subject, we arrived at the conclusion that alimony was allowable to plaintiff.

The particular point not having been previously presented here, we compared the articles of our Code on the subject of alimony and found that they correspond with those of the Code of France upon that subject.

The Court of Cassation interpreting these articles determined correctly as we think that it is not a new demand after judgment; that it is not concluded by the judgment, but an accessory of the principal

36

demand.   Fuzier and Hermann, Code Civil Annoté, Vol. 1, p. 361, No. 62.

The commentators are positive in their comments.

In case of the separation from bed and board, says Baudry-Lacantinerie, p. 369, Vol. 1, in his work entitled "Droit Civil," a consistent jurisprudence recognizes the right of alimony between the spouses, for the reason that the decree, unlike the decree of divorce, does not absolutely dissolve the marriage ties.

Under another heading of the same book, this jurist reaffirms that the right, despite the decree of separation, remains to claim the pension.

From Laurent, Vol. 3, p. 302 (Droit Civil) we translate: The spouses separated from bed and board owe aid to each other during the marriage, and consequently until the decree of divorce is pronounced.

We have not anywhere found different views expressed. Our views accord with the cited cases and the opinion of the illustrious French jurist. In consequence it only remains for us to affirm the judgment of the District Court.

It is therefore ordered, adjudged and decreed that the rule *nisi* be vacated and discharged and the demand of relator for prohibition and *certiorari* rejected at relator's costs.