## Lalley v. Lalley's Administrator.

(Decided Oct. 2, 1934.)

D. BERNARD COUGHLIN for appellant.

M. J. HENNESSEY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Minnie H. Lalley died March 17, 1933, a resident of Mason county, Ky., testate. By her will she appointed her brother James Hanley, executor of her estate. Hanley died previous to the death of the testator, Minnie H. Lalley. The decedent left surviving her as heirs at law, if she had died intestate, Ellen Ratler, a sister, Dennis Hanley, a brother, and three nieces, viz. Alice Lalley (the appellant herein), Minnie Lalley, and Margaret Lalley, daughters of a deceased sister, all of whom are distributees under the will. The three nieces above named and the sister, Ellen Ratler, are residents of and domiciled in Mason county, Ky., and the brother, Dennis Hanley, was at the time of the probation of the will and still is a nonresident of the state and disqualified to act as administrator of the estate, leaving the sister, Ellen Ratler, and the three nieces the only eligibles as next of kin of deceased to qualify as administrator of the decedent with will annexed.

On March 23, 1933, six days after the death of decedent, the surviving brother, who is a nonresident of the state, and Ellen Ratler, appeared in the Mason county court and moved the court to appoint the State Trust Company of Maysville, Ky., as administrator with the will annexed of the deceased, and upon this motion the court made such appointment. On the following day, March 24, the three above-named nieces appeared in the Mason county court and moved the court to set aside the order of the previous day appointing the State Trust Company as administrator with the will annexed, and to appoint them (the nieces) coadministratrices, and the court set aside its order of the previous day and entered an order appointing Alice Lalley and Ellen Ratler coadministratrices of decedent, and they qualified and entered upon their duties as such.

The State Trust Company, the appellee herein, ap-

pealed to the circuit court from the last order of the county court above indicated, and the circuit court adjudged that the first order of the county court of March 23, appointing the State Trust Company, was valid, and directed the county court to set aside its last order of March 24, appointing Alice Lalley and Ellen Ratler co-administratrices of the estate, which was accordingly done, and from that judgment Alice Lalley prosecutes this appeal.

The argument for appellant is that the circuit court erred in setting aside the last order of the county court and reinstating the former one appointing the State Trust Company, and that decedent's sister, Ellen Ratler, and the niece, Alice Lalley, having appeared and made application for such appointment before the second term of the county court after the death of decedent, were, as next of kin, entitled to preference pursuant to sections 1403, 3891, 1393, and particularly 3896, of the Kentucky Statutes.

The contention of appellee is thus stated in its brief:

"The sister, Ellen Ratler, as the next of kin and distributee, had the absolute right to qualify as administratrix with the will annexed when it was probated and it was not necessary to wait until the second county court day after decease to make such appointment, and the court, on her motion and nomination, unquestionably had the right to appoint appellee as such administrator."

In support of this contention are cited Liberty Bank & Trust. Co. v. Kentucky Title Trust Co., 239 Ky. 263, 39 S. W. (2d) 258, 261; Hunt v. Crocker, 246 Ky. 338, 55 S. W. (2d) 20; Louisville Trust Co. v. Bingham, 178 Ky. 573, 199 S. W. 58.

But it is our view that the cases supra relied on by appellee, do not sustain its position. The Liberty Bank & Trust Company Case involved the question of the right or authority of the county court to appoint an administrator de bonis non with will annexed to complete the administration of an estate when the nominated executor had been appointed and qualified but removed for cause before the administration of the estate had been completed. It was held that in such cases the county court was not required to respect the preferences

prescribed by sections 3896 and 3897 of the Statutes, but is empowered to appoint any suitable person to fill a vacancy occasioned by the removal for cause of a duly appointed and qualified executor. But a different rule obtains where, as in the case at bar, the nominated executor failed to qualify. In such case the county court is governed by section 3896, Kentucky Statutes. In the case supra it is said:

"* * * But the restrictions placed upon a power in one instance cannot be extended to another case for which they were not intended and from which they were virtually excluded. When one provision is made for particular circumstances, and another provision is ordered for other circumstances, it would lead to confusion if the distinctions were disregarded and the directions designed for one situation were attempted to be superimposed under circumstances calling for the application of the other rule. * * *"

In the case at bar we are dealing with a question of the authority of the court to make an original appointment of an administrator with will annexed, but not with the question of appointing an administrator de bonis non where the original appointee has been removed for cause, and we must look to the provisons of the statute applicable to the particular state of facts. Even though the statutes are to be considered and construed together for the purpose of ascertaining the cases covered, restrictions addressed to one state of facts cannot be read into another and varying situation where the limitation was omitted and to which it was not necessarily pertinent. Liberty Bank & Trust Co. v. Kentucky Title Trust Co., supra.

In the case of Louisville Trust Co. v. Bingham, supra, it was held that Judge Bingham, the surviving husband, who was conceded to be the only person given a preference by the statute, who was a resident of the state, and therefore the only person qualified to act or to nominate another as administrator, had the right to designate or name such appointee. But that case is distinguished from the case at bar, because Ellen Ratler, the sister of the testator, was not the only person who could or had the right to qualify as administrator. In the event she waived her right, the nieces then came in line as the next of kin; whereas, in the Bingham Case,

supra, there was no next of kin or others who could qualify, and it was held that he could designate or name as administrator even before the second term of the county court after the decease, there being no other person who could qualify, and that it was unnecessary to defer the appointment until a future term of the court. In the case of Spayd's Adm'r v. Brown, 102 S. W. 823, 31 Ky. Law Rep. 438, the court appointed a stranger as the administrator of the estate before the second term of the county court. Soon thereafter two sisters who were nonresidents of the state appeared and applied for. letters of administration under section 3896 of the Kentucky Statutes. On. appeal to this court it was held that the sisters of decedent, being nonresidents, were not entitled to either qualify as representatives of the estate or designate another person, and the fact that the appointment of the stranger was made before the second term of the court was immaterial in the circumstances, because the decedent left no next of kin residing in the state who could qualify as such representative. The court said:

"The only necessity for awaiting for the arrival of a second term of the court is to afford an opportunity for the next of kin or creditor to apply for the appointment. When the reason for the rule does not exist, the rule ceases."

But we know of no authority holding that the person or persons first in line for appointment as administrator may, if they waive their right, designate another to the exclusion of other next of kin or creditors, providing they apply for letters of administration before the second term of the county court after the decease, unless such others be nonresidents of the state or otherwise disqualified to administer on the estate.

The case of Phillips v. Hundley, 135 Ky. 269, 122 S. W. 147, 148, is precisely in point to the case at bar. J. G. Phillips died testate in Marion county. In his will he nominated B. Phillips and Owen D. Thomas as executors. The decedent left surviving him his widow and four children. At the first regular county court day after the death of Phillips, the will was probated and the nominated executors stated to the court that, if W. C. Rogers and J. A. Kelly were appointed administrators with the will annexed, they would relinquish their right to qualify. In this arrangement the widow

and children, except one, Bird Burton Phillips, concurred. Thereupon Bird Burton Phillips demanded the right to be appointed adminstratrix, but the court appointed Rogers and Kelly, and on that day they qualified and entered upon the discharge of their duties. Miss Phillips appealed to the circuit court, and her appeal was dismissed on the ground that it was not prosecuted in time, and from that order she appealed to this court, where the case was affirmed on the sole ground that her appeal was not prosecuted within the time prescribed by law. But in discussing the merits of the case the court said:

"But the appointment of Rogers and Kelly was not void. It was only erroneous. We may concede that under section 3896 of the Kentucky Statutes * * * Miss Phillips was entitled to be appointed at the time Kelly and Rogers were, if the widow had declined the appointment; but, as their appointment was only erroneous, and the court had jurisdiction to appoint them, Miss Phillips, who objected to their appointment, should have prosecuted within 60 days thereafter an appeal to the circuit court, and failing to do this, she lost her right to complain about the appointment. * * * The appointment of an administrator with the will annexed is, as provided in section 3891 of the Kentucky Statutes, * * * that the appointment of an administrator, not of kin to the deceased, before the second county court day after the death of the intestate, was erroneous, but not void. It, therefore, follows that as the order of the county court appointing Rogers and Kelly was erroneous, the only way to correct it was by an appeal to the circuit court within 60 days from the date of the order making the appointment."

Many other cases to the same effect could be cited, but the Phillips Case, supra, and cases cited therein, are conclusive of this case.

The further argument is that Alice Lalley, appellant, is disqualified because her interest in the estate is antagonistic to the provisions of the will, as provided in section 3891 of the Kentucky Statutes, prohibiting the appointment of any person whose interest is antagonistic to the provisions of the will. The alleged antagonism is founded on the fact that Alice Lalley's bequest

in the will is for the sum of $200, while that of the brother and sister is approximately $6,000. To this contention we are unable to agree. We know of no provisions of law preferring the larger legatee to the smaller one. The fact that the bequest of one legatee is smaller than another does not constitute antagonism to the provisions of the will. It is not shown by the record that Alice Lalley is asserting any claim or interest in the estate other than the $200 bequest.

The facts disclosed by this record, viewed in light of the authorities herein cited, impel us to the conclusion that the circuit court erred in setting aside the order appealed from and sustaining the order appointing the State Trust Company.

Wherefore the judgment is reversed and remanded for proceedings consistent herewith.

Rees, J., not sitting.