## Berning v. Berning.

(Decided Oct. 16, 1934.)

700

ROGERS & ROGERS for appellant.
BLAKELY & MURPHY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On December 16, 1924, Louisa Berning sued her husband, Robert Berning, for a divorce from bed and board. After the answer had been filed, the parties entered into a written agreement adjusting their property rights. By this agreement Mrs. Berning was to have the residence property and Mr. Berning the sum of $1,000. A few days later Mrs. Berning amended her petition and asked for an absolute divorce. The agreement as to property rights was carried out. On April 6, 1925, Mrs. Berning was granted an absolute divorce. On January 2, 1926, the parties filed their verified petition, purporting to have been signed and sworn to on November 7, 1925, asking that the divorce decree of April 6, 1925, be annulled. No judgment of annulment was ever entered, but the parties resumed their marital relations, believing that the divorce decree had been vacated. After living together for some time, they again separated. On May 18, 1931, Mrs. Berning filed an amended petition withdrawing her consent to the annulment of the divorce decree, and asking that the decree be allowed to remain in full force and effect. On September 15, 1931, the court delivered the following opinion, and entered the following order:

"This cause, having been submitted for an order declaring the agreement entered into by and

between the plaintiff, Louisa Berning, and the defendant, Robert Berning, on the 7th day of November, 1925, to have a divorce granted to the parties on the 6th day of April, 1925, set aside, and this agreement was legally drafted and entered into in good faith by the parties, believing that said agreement was made a court order, and the parties in good faith lived and co-habited together as man and wife for four years. For some inexplainable reason, this agreement, regularly filed in the clerk's office was never made an order and put on record. The plaintiff now, after four years, comes in and asks that by reason of the technicality that the agreement be set aside; and the court is of the opinion that it is too late after all of these years to set aside an order under which the parties have lived together for that length of time.

"Order.

"On motion of the parties this case No. 26751, is hereby consolidated with case No. 25644.

"That motion of the plaintiff to have the agreement set aside is overruled, and the agreement entered into by the parties on the 7th day of November, 1925, be placed in the records as of that date."

Afterwards the case was again submitted, and, on September 20, 1932, the following judgment was rendered:

"Judgment.

"This cause having been heretofore submitted and an order made as of September the 15th, 1931, adjudging that the divorce granted on April the 6th, 1925, be set aside, and an order heretofore made holding that said agreement between the parties requesting that said judgment of divorce be set aside, and that said judgment for divorce be set aside, and that said judgment for divorce was as of the 7th day of November, 1931, set aside and held for naught, and the marital relationship between said plaintiff and defendant re-established as of said date and all their rights be restored as if the divorce had never been granted."

Her motion to reconsider the judgment of September 20, 1932, and set same aside, having been overruled, Mrs. Berning appeals.

Though the foregoing orders are somewhat lacking in clarity, we construe them as having the effect of denying appellant the right to withdraw her petition for annulment, and directing that the divorce be annulled.

Section 426, Civil Code of Practice, provides that a judgment of divorce from the bond of matrimony may be annulled by the court which rendered it, upon a petition verified by the parties in person so requesting. To the same effect is section 2120, Kentucky Statutes. It is only by virtue of these provisions that a judgment of absolute divorce may be annulled after the term at which it was rendered. Bristow v. Bristow, 51 S. W. 819, 21 Ky. Law Rep. 481; Droste v. Droste, 138 Ky. 53, 127 S. W. 506. Of course, the mere filing of the joint petition does not bring about an annulment. It must be followed by a judgment of annulment rendered by the court. Moreover, the chancellor may act only on the joint petition of the parties, and, if the consent of one of the parties is lacking, he is without authority to act. Here the chancellor did not act until after appellant had withdrawn from the petition. That being true, the court was without authority to act unless appellant was precluded from withdrawing. We have held that a petitioner for a local option election may withdraw his name from the petition at any time before it has been acted upon. O'Neal v. Minary, 125 Ky. 571, 101 S. W. 951, 30 Ky. Law Rep. 888; Davis v. Henderson, 127 Ky. 13, 104 S. W. 1009, 31 Ky. Law Rep. 1252. The basis of the ruling was that a petition is but a formal written request or prayer for a certain thing to be done, and that he who signs it must do so voluntarily; otherwise, he cannot be in the attitude of making a request. The right to withdraw was denied on the ground that the parties had resumed the marital relation and lived together for several years. We do not regard either the time or the resumption of the marital relation as controlling. If the request to withdraw from the petition be made before the court acts, it is not perceived that it makes any difference whether the request be made in one month, one year, or four years. In the very nature of things, the judgment of annulment rendered after the parties had lived together for several years would not relate back to the time the petition for annulment was filed and validate their action in the meanwhile. It does not appear that the rights of children or others are involved. The case arises solely

between appellant and appellee. In the circumstances, we conclude that appellant had the right to withdraw from the petition for annulment, and that the chancellor erred in denying that right and entering a judgment of annulment.

Judgment reversed, and cause remanded with directions to set aside the judgment of annulment and leave the absolute divorce in full force and effect.