# Arnz v. Johnson et al.

March 2, 1945.

Stanley Briel and Robert Hubbard for appellant.

Lawrence S. Leopold, John R. Whitlow, L. R. Curtis and C. Raymond Emler for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—Affirming.

The appellant and Herman Arnz were divorced by judgment of the Kenton Circuit Court. Thereafter Arnz married another woman from whom he was divorced by judgment of the Bourbon Circuit Court. The last-mentioned divorce, so it is alleged, was procured in order to permit Arnz and appellant to resume their marital relations. To that end they personally verified and mailed to an unnamed attorney of the Kenton County Bar for the purpose of having it filed and acted upon by the Kenton Circuit Court, a petition requesting the annulment of the judgment by which they had been divorced. For some reason unknown to appellant, the petition was not filed, and hence, was never acted upon by the Court, which facts were not discovered by appellant until after Arnz's death, which occurred on October 11, 1943. For several years prior thereto, appellant and Arnz, believing that their divorce had been annulled and that they were again wife and husband, had openly lived together and had been recognized by their acquaintances and the public as such. Arnz died intestate a resident of Jefferson County, and the foregoing facts appear in an answer, counterclaim and cross-petition filed by appellant in an action instituted by the appellee administrator to secure a settlement of the estate. The prayer of ap-

pellant's answer, counterclaim and cross-petition was that she be adjudged "for all intents and purposes" to have been the lawful wife of Arnz at the time of his death, and that as such, she be awarded her share of the estate. The Chancellor sustained a demurrer to the pleading and dismissed it, and this appeal is from that judgment. Thus the sole question presented to us for decision is whether the marital status, once severed by a valid decree of absolute divorce entered by a Kentucky Court can be restored so as to entitle the divorced wife to share in her divorced husband's estate, otherwise than by remarriage or a judicial annulment of the divorce decree by the Court which granted it, pursuant to a verified petition of the parties as provided by KRS 403.040 and Section 426, Civil Code of Practice.

It would appear that the opinions of this Court in the cases of Bristow v. Bristow, 51 S. W. 819, 21 Ky. Law Rep. 481, and Berning v. Berning, 255 Ky. 699, 75 S. W. 2d 355, conclude the question adversely to appellant's asserted rights. In the Bristow case where alleged agreements were relied on by the defendant husband in seeking the vacation of a judgment granting his wife a divorce and alimony, we said: "Under the statute this court has no revisory power over a judgment for divorce. Section 426 of the Civil Code of Practice provides that 'a judgment of divorce from the bond of matrimony may be annulled by the court which rendered it upon petition verified by the parties in person so requesting it'; and this is the only method provided by law for the vacation of such judgments."

In the Berning case, a petition conforming to the requirements of Section 426, Civil Code of Practice, had been filed and the parties, believing that the divorce decree had been vacated, resumed their marital relations. The wife repented her act, and, discovering that the judgment of annulment had not been entered, withdrew her consent and requested that the divorce decree be allowed to stand. The Chancellor, however, proceeded to grant the annulment, and in reversing his judgment we held that as no judgment annulling the divorce had been entered prior to the withdrawal of the wife's consent and the filing of the petition did not operate to annul it, the judgment appealed from should be set aside, and the divorce decree left in full force and effect.

Appellant insists that the only point definitely de-

cided in the Berning case was that either of the parties to a petition seeking an annulment of a divorce decree may at any time before the petition is acted upon and a record thereof made, withdraw the consent; and she attempts to distinguish that case from the case at bar by pointing out that in the Berning case the parties were both alive and no rights of other parties had intervened. But it seems to us that the fact that one of the parties is dead and the rights of third parties have intervened militates against, rather than strengthens appellant's claim to relief, and that whatever limitation may be placed upon the effect of the holding in the Berning case, the opinion in the Bristow case at least definitely decides that the only method by which a valid divorce decree may be annulled is that prescribed by the Statute and Code provisions cited.

The appellant quotes from several of our opinions holding that in the absence of record evidence, the fact of marriage may be proven by parol evidence and that a presumption of marriage may arise from reputation, from which it is argued that an annulment may be established without the production of record evidence. But this contention, if granted, could avail appellant nothing, since she does not allege that the petition for annulment of her divorce was filed, much less acted upon. Appellant also argues that since, as shown by the cases cited by her, the law favors matrimony and indulges many presumptions relative to the legality of a marriage shown to have been celebrated by the performance of a ceremony, it should indulge a conclusive presumption that a petition for annulment, once executed, was filed and acted upon. To do so, however, would be equivalent to holding that no action on the part of the State was necessary to legalize the marriage relation, since appellant's answer, counterclaim and crosspetition shows no more than that she and her former husband signed a petition for annulment and thereafter lived together as wife and husband in the bona fide belief that their acts had created a marital status. But common-law marriages are not valid in Kentucky; the Legislature has prescribed but one method by which valid judgments of divorce may be annulled, and it is not alleged that the judgment divorcing appellant from her spouse was obtained by fraud practiced upon the jurisdiction of the Court. Bushong v. Bushong, 283 Ky. 36, 140 S. W. 2d 610. Under these circumstances, the Chan-

cellor was without power to afford appellant relief, and the judgment appealed from must be affirmed. It is so ordered.

Whole Court sitting.