CECIL v. FARMERS NAT. BANK et al.

Court of Appeals of Kentucky.

Dec. 21, 1951.

As Modified on Denial of Rehearing
Feb. 8, 1952.

Bullitt, Dawson & Tarrant and Morris & Garlove, all of Louisville, for appellant.

Henry Jackson, James G. Begley, Danville, for appellee.

SIMS, Justice.

This appeal is from a judgment which barred appellant, Eulah Cunningham Cecil, from dower in the estate of her former husband, Charles P. Cecil III, who died intestate, but which did not remove her as his personal representative; a cross-appeal is prosecuted from this latter part of the judgment.

As there are three persons referred to in this litigation with the same surname, we will call each by his or her given name to avoid confusion and to prevent repeating the full name of each in distinguishing one from the other.

Eulah brought this action against Virginia, the mother of Charles, and the Farmers National Bank of Danville, which was named as administrator of Charles' estate by the Boyle County Court, asking that she be adjudged the legal widow of Charles and entitled to her statutory dower in his estate. In their joint answers the Bank and Virginia pleaded that before the death of Charles, Eulah obtained a divorce from him mensa et thoro, which judgment incorporated an agreement wherein Eulah accepted $2000 from Charles in full settlement of her distributive right in his estate. Virginia asked that she be adjudged all the estate of Charles as his only surviving heir, and the Bank asked that it be given the right to administer the estate under the appointment of the Boyle County Court as the administrator of Charles. But Eulah, acting as administratrix of Charles under appointment of the Jefferson County Court, brought a suit in the Jefferson Circuit Court to settle the estate, and there, in Farmers Nat. Bank of Danville v. Speckman, 312 Ky. 106, 226 S.W.2d 315, we refused to prohibit the chancellor from proceeding fur-

ther in the settlement suit. This in effect upheld the Jefferson County Court's appointment of Eulah as administratrix of Charles.

In the fifth paragraph of her reply Eulah averred she and Charles were married on June 5, 1941; that she filed suit for an absolute divorce in the Boyle Circuit Court on Nov. 4, 1942, and during the pendency of the action the parties entered into a written separation agreement settling their property rights; that on Feb. 6, 1943, she was adjudged a divorce mensa et thoro with the property settlement being incorporated in the judgment; that after six months separation she and Charles became reconciled, moved to Louisville and there lived together as man and wife until Charles' death on June 13, 1949, and that they mutually rescinded the property settlement.

In the instant case the chancellor in an exhaustive opinion sustained a demurrer to the fifth paragraph of the reply and held the reconciliation of the parties did not nullify the separation agreement or abrogate the divorce from bed and board; that Eulah was not entitled to dower but was entitled to administer the estate of Charles as his widow.

The question presented on this appeal is, did the reconciliation of the parties, who thereafter lived together and held themselves out as husband and wife under the belief that it was unnecessary to remarry, annul the divorce judgment and set aside their separation agreement wherein she relinquished her dower in Charles' estate?

It is provided in KRS 403.050: "Divorce from bed and board may be rendered for any cause that allows divorce, or for any other cause that the court in its discretion considers sufficient. A divorce from bed and board shall operate as to property thereafter acquired, and upon the personal rights and legal capacities of the parties, as a divorce from the bond of matrimony, except that neither shall marry again during the life of the other, and except that it shall not bar curtesy, dower or distributive right. The judgment may be revised or set aside at any time by the court rendering it."

Our Civil Code of Practice, section 427, provides that a judgment of divorce from bed and board may be annulled by the court which renders it, at the instance of either party. While the previous section of the Code says a judgment of divorce from the bonds of matrimony may be annulled by the court rendering it, upon a petition verified by the parties in person requesting it.

■ These statutes provide upon what grounds a divorce from bed and board may be obtained, how it differs from an absolute divorce and the procedure to be followed in annulling the judgment in each form of action. In this jurisdiction marriage and divorce are purely statutory and common law marriage is not recognized. The statutes just referred to are conclusive on the question of annulling the divorce.

■ Eulah cites several of our cases to the effect that a judgment from bed and board is merely a decree for legal separation in which the marital relation is not severed and may be annulled by the court granting it with the consent of the parties. Hill v. Hill, 203 Ky. 182, 261 S.W. 1115; Metcalf v. Metcalf, 244 Ky. 536, 51 S.W. 2d 675; Quinn v. Quinn, 279 Ky. 286, 130 S.W.2d 834; and Hoskins v. Hoskins, 201 Ky. 208, 256 S.W. 1. But none of these cases hold that the parties may abrogate the judgment merely by ignoring it and resuming their marital status by voluntarily living together openly as husband and wife and without going through the formality provided by the statute in having the court which granted the judgment to annul it.

■ In Arnz v. Johnson, 299 Ky. 529, 186 S.W.2d 4, the parties after obtaining an absolute divorce became reconciled and desired to resume their marital relations. They both verified a petition and mailed it to an unnamed attorney of the Kenton County Bar for the purpose of having it filed and acted on by the Kenton Circuit Court under section 426 of the Code in annulling the judgment of divorce. Thinking the petition was filed and the annullment granted, they lived together as wife and husband until the latter's death. There, we denied Mrs. Arnz dower in the estate of her

supposed husband saying the Legislature has prescribed the method by which a divorce judgment may be annulled, and that method must be followed. But appellant argues the Arnz case may be distinguished from the instant one on the ground that it involved an absolute divorce, while here the judgment of divorce is only from bed and board, which merely prohibits cohabitation of the parties and leaves the marriage valid in all other respects. However, the State is concerned with marriage and divorce, whether it be an absolute divorce or a divorce from bed and board, and the Legislature having provided how the judgment in each character of divorce may be annulled, the couple desiring an annulment must pursue the course prescribed in the statutes.

Eulah in her brief cites several foreign authorities that a divorce from bed and board is not a final proceeding and a reconciliation may put an end to the judgment. Stuart, State ex rel. v. Ellis, 50 La.Ann. 559, 23 So. 445; People ex rel. Commissioners, etc., v. Cullen, 153 N.Y. 629, 46 N. E. 894, 44 L.R.A. 420; Pettis v. Pettis, 91 Conn. 608, 101 A. 13, 4 A.L.R. 852; In re Smith's Estate, 243 App.Div. 348, 276 N.Y. S. 646; Miller v. Clark, 23 Ind. 370. She further cites 17 Am.Jur. "Divorce and Separation", § 2, page 147, where it is written: "Statutes which authorize the granting of limited divorces usually provide for the revocation of such a decree upon proper application to the court and upon satisfactory proof of reconciliation." As stated above, we have such statutes in our jurisdiction and the foreign authorities cited by appellant, regardless of what they may hold on the subject, are not controlling in the face of our statutes.

■■ It may be well to state here that we are not holding Eulah is precluded from attacking so much of the judgment as contains the agreement whereby she accepted $2000 from Charles in full settlement of her distributive share in his estate. Her pleading states that the property settlement incorporated in the judgment was mutually rescinded, hence the chancellor

erred in sustaining a demurrer to the fifth paragraph thereof. We are not concerned with whether Eulah can prove that the property settlement was mutually rescinded but whether her pleading contained such an averment. While the parties could not set aside a divorce judgment by their reconciliation, this does not mean they could not mutually rescind their property settlement incorporated in the divorce judgment.

■ On their cross-appeal appellees urged that the chancellor erred in not removing Eulah as the personal representative of Charles since she had no distributive share in his estate. She was appointed by the Jefferson County Court when it was under the impression she was the widow of Charles. True, as contended by appellees, KRS 395.040 in providing the persons to be preferred by the county court in naming a personal representative favors those first entitled to distribution. However, if after the appointment it developed that the personal representative had no distributive share in the estate, this alone is not cause for her removal. Lalley v. Lalley's Adm'r, 256 Ky. 50, 75 S.W.2d 544. Eulah as the personal representative is under bond which protects the estate. Should she not faithfully discharge her trust, she may be removed by the county court under KRS 395.-160, Taylor v. Tibbatts, 52 Ky. 177, 13 B. Mon. 177, which has a broad discretion in such matters. The county court has exclusive jurisdiction in the appointment and removal of all administrators, and while its actions are subject to review, they should not be interfered with except where there has been an abuse of discretion. KRS 25.-110 and 395.160; Gresham v. Stacy, 287 Ky. 114, 152 S.W.2d 290; Trevathan v. Grogan, 210 Ky. 694, 276 S.W.2d 556; Warfield v. Brand's Adm'rs, 76 Ky. 77, 13 Bush 77; Landrum v. Louisville & N. R. Co., 290 Ky. 724, 162 S.W.2d 543. Therefore, the chancellor had no authority to remove Eulah.

The judgment is affirmed on the cross-appeal but is reversed on the appeal for proceedings consistent with this opinion.