**Flonnie MUNSEY, Appellant,**

v.

**W. F. MUNSEY et al., Appellees.**

Court of Appeals of Kentucky.

June 7, 1957.

Bruce H. Phillips, Monticello, for appellant.

James A. Hicks, Albany, Ruben G. Hicks, Monticello, for appellees.

CAMMACK, Judge.

Flonnie Munsey and G. L. Munsey obtained a decree of divorce in the Wayne Circuit Court on August 20, 1954. Sometime thereafter, they requested their attorney to prepare a petition to have the divorce decree set aside. The petition, verified by both parties, and an order annulling the decree were taken to the trial judge on Motion Day in September, 1954. The judge, after examining them, signed the order. Both the petition and the order were left with the clerk, with instructions not to "record" the order until costs were paid. Subsequently the petition and order were taken from the clerk's office by the attorney for the Munseys. This was done before the petition actually had been filed,

and before the order had been entered in the docket book. The papers are now misplaced or lost.

Flonnie Munsey, upon being advised by the attorney that the judge had signed the order of annulment, lived with G. L. Munsey as his wife until he died, intestate, in January, 1955. Mrs. Munsey was refused recognition as Munsey's surviving widow by the administrators of his estate. She brought this action seeking to have herself adjudged the widow of G. L. Munsey, and as such, to be apportioned her dower interest in the estate. From a judgment declaring that the annulment order was ineffectual, Mrs. Munsey is appealing.

Mrs. Munsey argues first that the order should have been entered as a lost order under KRS 422.210. The statute applies to final orders only where there is "satisfactory proof that a judgment or final order has theretofore been entered of record." KRS 422.210. It provides only for re-entry of orders which have been lost after an original entry. Mrs. Munsey does not allege, nor is there any evidence to show, that the order of annulment was ever entered on the docket after it was signed by the trial judge.

The argument is made also that the order should have been entered nunc pro tunc. The power to enter judgments and orders nunc pro tunc is inherent in the courts and is not dependent for its existence upon any statute. Chester v. Graves, 159 Ky. 244, 166 S.W. 998; Freeman on Judgments (5th Ed., 1925), Vol. 1, Sec. 121. One of the classes of cases in which a judgment nunc pro tunc may properly be entered occurs where a judgment has been pronounced by the trial court, but has not been entered of record through some accident or through negligence of the clerk. The court rendering the judgment has the power to order the judgment so rendered to be entered nunc pro tunc, provided that there is satisfactory evidence, not only of its rendition, but of its terms also. In this jurisdiction, we have followed the strict rule that only by some entry or memorandum *of record* can the rendition of a judgment be proved. Montgomery v. Viers, 130 Ky. 694, 114 S.W. 251. Parol evidence alone is insufficient to establish the fact of rendition. Hoffman v. Shuey, 223 Ky. 70, 2 S.W.2d 1049, 58 A.L.R. 842. Mrs. Munsey was unable to introduce any record evidence of the alleged judgment, and normally her action would fail.

The law favors marriage, and indulges many presumptions relative to the legality of a marriage which is shown to have been celebrated by the performance of a ceremony. In the absence of record evidence, a marriage may be proved by parol evidence. Vest's Adm'r v. Vest, 234 Ky. 587, 28 S.W.2d 782. The presumption of marriage arising from reputation is one of the strongest known to law. Carroll v. Carroll, Ky., 251 S.W.2d 989. These same presumptions, it is argued, should apply in this case, where the procedure for annulment set out in KRS 403.040 was followed meticulously. The Munseys prepared their verified petition as required by that statute and the trial judge ordered the annulment. Only the failure of the clerk to file the petition and to enter the order, as required by CR 58, prevented its documentation. We believe that public policy in the field of marriage and divorce overrides the requirement for application of strict evidentiary rules which in other circumstances would defeat entry of a judgment nunc pro tunc.

In so holding, we are not unmindful of the salutary purpose of the rule requiring record evidence of the rendition of a judgment before an entry nunc pro tunc will be permitted. If the requirement is relaxed, the opportunity for perpetrating fraud upon the court is increased. Even in this jurisdiction, however, once the fact of rendition is properly proved, parol testimony is admissible to prove the content of the judgment. See Monarch v. Brey, 106 Ky. 688, 51 S.W. 191; Freeman on Judgments (5th Ed., 1925), Secs. 128 and 129. The parties to this dispute are agreed

that the order of annulment was signed by the trial judge, and he testified that both the petition and order were in proper form. Unlike the situation presented in Arnz v. Johnson, 299 Ky. 529, 186 S.W.2d 4, where the petition for annulment was never filed and never reached the trial judge, the Munseys' petition was acted upon, and an order of annulment, proper in form and signed by the trial judge, was rendered. Under these facts, and considering the extreme unlikelihood of the possibility of fraud, we are constrained to hold that it was error for the special trial judge to refuse to enter an order of annulment nunc pro tunc.

Judgment reversed, with directions to enter a judgment in conformity with this opinion.