**Coleman HOWARD et al., Appellants,**

**v.**

**Malissa HOWARD, Administratrix of Obe Howard, Deceased, Appellee.**

Court of Appeals of Kentucky.

Feb. 19, 1960.

Rehearing Denied April 29, 1960.

M. C. Redwine, Redwine & Redwine, Winchester, for appellants.

Marshall McCann, Jr., White & McCann, Harvey T. Lisle, Winchester, for appellee.

STEWART, Judge.

This is an appeal from the judgment of the Clark Circuit Court affirming the order of the Clark County Court which appointed the surviving widow of Obe Howard as administratrix of his estate.

Obe Howard died intestate in Clark County, leaving as survivors his second wife, Malissa Howard, appellee herein, and five adult children by his first wife, appellants herein. Appellee made application for and was named administratrix of the estate of her deceased husband, although one of the appellants also filed for the appointment. The case was taken to circuit court for review, where appellants were given a trial de novo, but it was held, in denying a mo-

tion therefor, they were not entitled to a jury trial. At the trial, evidence was introduced on both sides concerning appellee's capacity legally and properly to administer the estate of the decedent and also concerning her alleged antagonism toward appellants. At the conclusion of the hearing, the circuit judge found and ruled that the county judge had not abused his discretion in appointing appellee.

There is but one issue presented on this appeal, to-wit: Are those who object to the appointment of an administrator of an estate entitled to a jury trial on an appeal to the circuit court? Appellants claim their substantial rights were prejudiced when the lower court refused to grant their request in this respect. Apparently, this question has never been decided in Kentucky.

KRS 25.110 confers on the county court jurisdiction to appoint and remove personal representatives. KRS 23.030(2) provides for an appeal to circuit court from orders granting, revoking or refusing letters of administration. It was stated in Cecil v. Farmers National Bank, Ky., 245 S.W.2d 430, 433: "The county court has exclusive jurisdiction in the appointment and removal of all administrators, and while its actions are subject to review, they should not be interfered with except where there has been an abuse of discretion." CR 72.03 sets out that appeals from county court shall be docketed as a regular civil action and shall be tried anew, as if no judgment had been entered.

When we delve into the history touching upon the procedure governing the power to name a personal representative or to vacate such an appointment, we find that the right to demand a trial by jury in administration proceedings was not given by the common law. 50 C.J.S. Juries § 55, p. 763. Since a proceeding for the revocation of letters of administration is considered to be equitable in its nature and rests in the discretion of the court, there is no right to a jury trial thereon. 50 C.J.S. Juries § 55, p. 765. This pertinent language

also appears in 50 C.J.S. Juries § 83, p. 790: "Except where, or insofar, as, the right to demand a jury on the trial of an appeal from a probate court is expressly conferred by statute there is no absolute right to a jury trial on such appeals."

Appellants cite Louisville Trust Company v. Bingham, 178 Ky. 573, 199 S.W. 58, and Howd v. Clay, 312 Ky. 508, 228 S.W.2d 437, 18 A.L.R.2d 629, as their authority for the right to a jury determination of the point before us. A reading of these cases, however, reveals that no jury trial was had in either of them. In the latter case, the opinion merely sets out in its statement of facts that by agreement of the parties the case was tried without the intervention of a jury. We fail to see any significance in this language. It was merely a recital of a stipulation entered into in the lower court, and, for all we know, there was no dispute as regards this question in that case. The Bingham case apparently inferred that a proceeding to remove an administrator was an ordinary action and not an equitable one. Here also this Court failed specifically to rule that either party could demand that a jury resolve this issue. In fact, that case was tried before the circuit court without a jury and such procedure was acquiesced in.

There is no statute in Kentucky prescribing that a jury may be invoked to pass upon the qualification or disqualification of a personal representative duly appointed by an order of the county court. Neither the circuit judge nor a jury can appoint a personal representative. Nor should a jury be placed in the position of deciding whether or not the county judge abused his discretion in naming a particular person to act in such a capacity. This is a matter of judicial inquiry for the circuit judge alone to resolve.

We conclude the lower court correctly disallowed a jury trial.

Wherefore, the judgment is affirmed.