ACCEPTED
01-15-00091-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/7/2015 1:40:31 PM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00091-CV**

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/7/2015 1:40:31 PM
CHRISTOPHER A. PRINE
Clerk

_____

**NUEVA GENERACION MUSIC GROUP, INC.**

*Plaintiff-Appellant*

**v.**

**ISIDRO CHAVEZ ESPINOZA P/K/A ESPINOZA PAZ**

*Defendant-Appellee*

_____

**On Appeal from the Harris County District Court,
281st Judicial District
Trial Court Case Number: 2015-00749**

_____

**APPELLANT'S MOTION FOR REHEARING**
_____

YOCEL ALONSO
ALONSO, P.L.L.C.
Tex. Bar No. 01109100
130 Industrial Boulevard, STE. 110
P.O. BOX 45
Sugar Land, Texas 77487
Telephone: 281-240-1492
Email: yocelaw@aol.com

*Attorney for Plaintiff-Appellant
Nueva Generación Music Group, Inc.*

## ISSUES PRESENTED FOR REVIEW

1.     Whether The Court of Appeals Opinion Erred In Holding that the Final Settlement Agreement Liquidated the Value of Espinoza's Negative Covenant.

 2.     Whether The Court of Appeals Erred in Holding that Nueva's Injuries Are Not Irreparable

To the Honorable Court of Appeals:

Nueva Generación Music Group, Inc. ("Nueva" or "Appellant"), Appellant in the above-styled appeal, respectfully moves this Court for an order granting a rehearing of its decision affirming the Trial Court's denial of Appellant's Application for Temporary Injunction, and for an order reversing this Court's decision and enjoining Appellee Isidro Chavez Espinoza p/k/a Espinoza Paz ("Espinoza" or "Appellee") from violating the negative covenant in the Final Settlement Agreement. As grounds for this motion, Appellant shows the Court the following:

## I. The Court of Appeals Opinion Erred In Holding that the Final Settlement Agreement Liquidated the Value of Espinoza's Negative Covenant.

The Court's opinion correctly acknowledged that the Exclusive Representation Agreement granted Nueva the exclusive right to engage Espinoza in the entertainment industry. *Nueva Generación Music Group, Inc. v. Espinoza*, Cause No. 01-15-00091, *13-4 (hereinafter the "Opinion" or "Op."). The Court affirmed that Espinoza "became a successful and sought-after musician." *Id.* at *3. The Court further noted the undisputed testimony by Marisa Caballero ("Ms. Caballero") that Espinoza is "a unique artist . . . making more than any other artist in the regional Mexican genre," *Id.* at *6-7, a fact that is incorporated into the Exclusive Representation Agreement. *Id.* at *5; 2 R.R. Pl. Ex. 1 at 2-4. The Court found that the Final Settlement Agreement incorporated the Exclusive Representation Agreement's negative covenant. Opinion at *13-4. Finally, the Court identified Espinoza's breach

2

of and "failure to perform his contractual duties and obligations under the Representation Agreement." *Id.* at *11.

Nueva proved without contradiction that Espinoza's breach of the Final Settlement Agreement's negative covenant was on-going. *Id.* at *5; *see also* 1 C.R. at 7, 18, 52-3, 56; 1 R.R. at 18-23; 2 R.R. Pl. Ex. 6-8. Based on these undisputed facts, and over 150 years of undisturbed legal precedent, Nueva established as a matter of law that Espinoza should be enjoined from violating the negative covenant. *Mission Indep. School Dist. v. Diserens*, 188 S.W.2d 568, 569-70 (Tex. 1945). ("[W]here a person agrees to render services that are unique and extraordinary, and which may not be rendered by another, and has made a negative covenant in his agreement whereby he promises not to render such services to others, the court may issue an injunction to prevent him from violating the negative covenant in order to induce him to perform his contract."); *Lumley v. Wagner*, 42 Eng. Rep. 687 (1852).

Espinoza's breach of the negative covenant satisfies the "irreparable injury" requirement, entitling Nueva to injunctive relief. *Bates v. Kingspark & Whitehall Civic Improvement Ass'n*, Cause No. 01-11-00487, 2012 WL 1564309, *5 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (not designated for publication) (citing *Jim Rutherford Invs. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, rev. denied) ("[W]hen an injunction is sought to enforce a restrictive covenant, the movant is not required to show proof of irreparable injury, but instead need only show that the defendant intends to do an act that would breach

3

the covenant.")). The Trial Court's denial of Nueva's application misapplied the law to the incontrovertible facts. Nueva presented undisputed evidence that Espinoza accepted and ratified the terms of the Final Settlement Agreement, which specifically reserved Nueva's rights in the negative covenant. There was no lapse—ever—of Nueva's exclusive rights. 1 C.R. at 22-5, 34; 2 R.R. Pl. Ex. 1, 3; *see also* Opinion at *13-4. Espinoza made no attempt to contradict the evidence or testimony that he breached the negative covenant. 1 R.R. at 9-38.

The Opinion's focus on the liquidated damages in the Final Settlement Agreement is misplaced for two reasons. First, the Final Settlement Agreement resolved wholly unrelated financial implications of Espinoza's earlier actions. For this reason, Nueva presented the Trial Court only with evidence establishing Espinoza's unique and extraordinary talents; the negative covenant to which he agreed; and his breach of that the negative covenant as it was incorporated into the Final Settlement Agreement. 1 R.R. at 9-38; 2 R.R. Pl. Ex. 1, 3, 6-8. These undisputed facts are sufficient to demonstrate irreparable harm. *Diserens*, 188 S.W.2d at 569-70 (merely breaching the negative covenant is sufficient to show irreparable harm when talents are unique and extraordinary).

Second, it is axiomatic that money often motivates a party to seek injunctive relief. However, ancillary financial interests and causes of action for which damages *are* appropriate within the same transaction or occurrence do not obviate a remedy for an otherwise irreparable injury. *See, e.g., Matsuzak v. Houston Oilers, Inc.*, 515

S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1974, no writ h.) (rookie football player enjoined from breaching negative covenant, plaintiff also paid $60,000 signing bonus); *Dallas Cowboys Football Club, Inc. v. Harris*, 348 S.W.2d 37 (Tex. App.—Dallas 1961, no writ h.) (football player enjoined from breaching negative covenant, plaintiff paid $8,000 in consideration); *see also Lumley v. Wagner*, 42 Eng. Rep. 687 (1852) (singer enjoined from breaching negative covenant, opera house expended significant resources preparing for her performances); *Daly v. Smith*, 38 N.Y. Super. Ct. 158, 49 How. Pr. 150 (1874) (actor enjoined from breaching negative covenant, plaintiff prepared for and advertised her performances); *Philadelphia Ball Club v. Lajoie*, 202 Pa. 210, 217-19 (1902) (valuable baseball player enjoined from breaching negative covenant; he had "agreed to furnish his skilled professional services to the plaintiff" in exchange for a "large salary"); *Shubert Theatrical Co. v. Rath*, 271 F. 827 (2d. Cir. 1921) (theatrical group enjoined from breaching negative covenant after play was produced and salaries paid); *Harry Rogers Theatrical Enters. v. Comstock*, 232 N.Y.S. 1 (1928) (performer enjoined from breaching negative covenant, sought to sign rival theater's more lucrative contract); *Lewis v. Rahman*, 147 F.Supp.2d 225 (S.D. N.Y. 2001) (boxer enjoined from breaching negative covenant after plaintiff paid renewal option fee of $75,000 for exclusivity).

The Court of Appeals in *Diserens* also incorrectly held the defendant's breach of the negative covenant did not "alone and apart from the breach of the affirmative covenant work a direct injury." *Mission Indep. School Dist. v. Diserens*, 186 S.W.2d

108, 109 (Tex. App.—San Antonio) *rev'd*, 188 S.W.2d 568 (Tex. 1945). This Court's Opinion similarly holds that Nueva's "true" injury is only tangentially related to Espinoza's breach of the negative covenant. That "the agreement by Espinoza to use Nueva's promotion and management services to the exclusion of other agent survived in the FSA only conditionally to reinforce Nueva's ability to collect money damages from Espinoza under the terms of the FSA," Opinion at *13-4. This is the very analysis rejected in *Diserens*, which holds that "under Texas law, the *mere loss* of unique and extraordinary talents as a consequence of Espinoza's breach of the negative covenant is sufficient to enjoin him from further breach. *Mission Indep. School Dist. v. Diserens*, 188 S.W.2d 568, 569-70 (Tex. 1945).

## II.  The Court of Appeals Erred in Holding that Nueva's Injuries Are Not Irreparable.

Nueva proved that Espinoza's breach of the negative covenant is *per se* irreparable harm. Ms. Caballero testified that his breach injures Nueva's goodwill, reputation, and business interests. 1 R.R. at 18-23. Her testimony was not challenged or rebutted in any way. 1 R.R. at 9-38. Ms. Caballero's undisputed testimony showed that the irreparable injury to Nueva cannot be adequately compensated in damages. *Butnaru v. Ford Morto Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

Though the sports and entertainment industries may be "about the money," like any other industry in our free enterprise system, these industries are built on the unique and irreplaceable talents of individuals. The law facilitates productive

bargains by establishing effective legal consequences for unique and extraordinary entertainers who walk away from their contracts. *See Mission Indep. School Dist. v. Diserens*, 188 S.W.2d 568 (Tex. 1945); *Matsuzak v. Houston Oilers, Inc.*, 515 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1974, no writ h.); *Dallas Cowboys Football Club, Inc. v. Harris*, 348 S.W.2d 37 (Tex. App.—Dallas 1961, no writ h.). The evidence before the Trial Court conclusively established that Espinoza's unique and extraordinary talents served as the basis for both the Exclusive Representation Agreement and the Final Settlement Agreement. 1 R.R. at 11-14; 1 C.R. at 33-46. The law prevents unique and extraordinary individuals from making a mockery of these agreements. *Diserens*, 188 S.W.2d 569-70. Espinoza's efforts to disrupt Nueva's rights is irreparable harm on its own. *Id.*

Ms. Caballero's undisputed testimony further established the damage to Nueva's goodwill and reputation will cause irreparable harm. 1 R.R. at 19-23; *Intercontinental Terminals Co., LLC v. Vopak North America, Inc.*, 354 S.W.3d 887, 896 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Threatened injury to a business's reputation and good will with customers is frequently the basis for temporary injunctive relief."). Espinoza made no attempt to challenge Ms. Caballero's testimony of Nueva's lost clientele, its immediate difficulty securing new clients, or damaged relationships between Nueva and its partners. 1 R.R. at 19-23.

Nueva established irreparable harm with the uncontested testimony that its

competitors reap an undue benefit from Espinoza's breach. *See Martin v. Linen Sys.*, 671 S.W.2d 706, 709 (Tex. App.—Houston [1st Dist.] 1984, no writ) (holding continued breach of non-compete agreement by highly-trained employee is prima facie proof probable harm). Nueva further demonstrated, again without contradiction, that it spent exceptional resources developing Espinoza's career from the ground up over the course of many years. 1 R.R. at 12-3, 27. The success of Nueva's competitors rests exclusively on Espinoza's unique and extraordinary talents. As an example, Nueva presented the Trial Court with evidence that one such competitor, Anval Music, booked Espinoza in violation of his negative covenant at the largest venue in Mexico. 1 R.R. at 19; 2 R.R. Pl. Ex. 8. The evidence went uncontested, unrebutted, and wholly unaddressed by Espinoza before the Trial Court. 1 R.R. 9-38; 2 R.R. Pl. Ex. 6-8.

Finally, the Trial Court's failure to enjoin Espinoza from violating the negative covenant of the Final Settlement Agreement creates on-going harm until a trial on the mertis. Without an injunction, Espinoza's ability to continue harming Nueva's reputation, goodwill, and business interests know no calculable bounds—one more example of probable and irreparable harm. 1 R.R. at 18-22. While all of this evidence was before the Trial Court in its review, Espinoza presented no evidence to rebut, contradict, or otherwise call into question the nature of Nueva's injuries. 1 R.R. at 9-38. The Trial Court abused its discretion by failing to recognize Nueva's probable harm, failing adhere to these basic principles of law, and by rendering a conclusion

not reasonably supported by the undisputed facts. *See State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975) (a trial court abuses its discretion when the evidence does not reasonably support the conclusion it has reached).

## PRAYER FOR RELIEF

For the reasons set forth above, Appellant respectfully requests that this motion be granted and that the judgment of the trial court be reversed and rendered.

Respectfully submitted,

By: ____/S/ Yocel Alonso_____
Yocel Alonso, TBA #01109100
130 Industrial Blvd., Suite 110
P.O. Box 45
Sugar Land, Texas 77487
Tel.: 281.240.1492
Email: yocelaw@aol.com
ATTORNEY FOR APPELLANT
NUEVA GENERACION MUSIC
GROUP, INC.

# CERTIFICATE OF SERVICE

       I do hereby certify that a true and correct copy of the foregoing instrument has been served in compliance with Rules 6.3 and 9.5(b),(d), and (e) of the Texas Rules of Appellate Procedure, this 7th day of August, 2015 on the following:


Via EPSP-EFM (ProDocs) System
John W. Havins, Esq.
Havins & Associates, PC
2211 Norfolk St., Ste. 525
Houston, Texas 77098
jhavins@havinsassoc.com

Xavier V. Chavez, Esq.
Xavier Law Firm
25775 Oak Ridge Drive, Ste. 120
The Woodlands, Texas 77380
xavier@xavierlawfirm.com

ATTORNEYS FOR APPELLEE
ISIDRO CHAVEZ ESPINOZA p/k/a ESPINOZA PAZ


By: _/s/ Yocel Alonso_____
    Yocel Alonso