CASE 110—ACTION FOR A DIVORCE—FEB. 8.

# McCracken v. McCracken.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT SETTING ASIDE JUDGMENT OF DIVORCE AND DISMISSING PLAINTIFF'S PETITION AND HE APPEALS. REVERSED.

DIVORCE—POWER TO SET ASIDE JUDGMENT DURING TERM.

Held: A judgment for divorce can not be set aside, even during the term at which it was rendered, except upon petition of both parties as provided by Civil Code, section 426.

C. L. RAISON, JR., ATTORNEY FOR APPELLANT.

1. The lower court had no power to set aside the decree of divorce, especially in the absence of fraud by the successful party, either upon the court or on the unsuccessful party.
2. A judgment of divorce is a final order and can not be appealed from, and in order to set aside such a judgment the party seeking relief therefrom must file a petition as in other cases stating facts showing that the decree was obtained by fraud either upon the court or the party asking to have such judgment set aside.
3. Upon the facts in this case the plaintiff in the lower court was entitled to a divorce.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

It seems that appellant instituted this action in January, 1895, against the appellee, seeking to obtain a divorce, upon which summons was issued and duly executed

January 5, 1895. On the 26th day of May, 1898, the judg-
ment of divorce seems to have been entered. On the 16th
of July, 1898, the following order was entered: "Came
defendant and filed motion to set aside judgment herein,
and judgment May 26, 1898, is set aside." And thereafter,
on July 27th, the affidavit of appellee was filed, in which
it is substantially stated that plaintiff's petition was filed
January 5, 1895, and that depositions were taken in his
behalf shortly after said date, but she is informed, and she
states the fact to be, that the said depositions were not
filed herein until May 6, 1898. She says she was led to
believe that plaintiff had abandoned his suit, that she
did not know this cause was submitted for judgment, and
that she only learned by accident that judgment had been
rendered herein in favor of plaintiff. She says she em-
ployed attorneys, and instructed them to file her answer
herein, but that they failed to do so, and she says she
has, and will make, a valid defense. On the 29th of Sep-
tember, 1898, appellee filed her answer, which may be
treated as a traverse of the averments of the petition; al-
so traverses the allegations that appellant had been a
faithful husband, and makes averments tending to show
that he had been guilty of cruel and inhuman mental treat-
ment towards her. In the third paragraph it is alleged
that until the 16th of July, 1898, she and plaintiff had lived
and cohabited together as man and wife. To the filing of
this answer plaintiff objected, which objections were over-
ruled. The reply of plaintiff traverses the averments of
the answer. On January 14, 1899, plaintiff's petition was
dismissed, and on the 21st of January, 1899, plaintiff moved
to set aside the submission and judgment of January 14,
1899, and to offer an amended petition. "Came also plain-
tiff, and moved to set aside order of July 16, 1898, setting

aside the judgment of May 26, 1898, and defendant objected. The court sustained the objection, and the said motion is overruled, and plaintiff excepts. And plaintiff's motion to set aside the submission of January 14, 1899, is overruled, and the filing of said amended petition is refused, and plaintiff excepts, and on his motion said amended petition was made a part of the record; and plaintiff excepts, and prays an appeal to the court of appeals, which is granted."

It is the contention of appellant that the order setting aside the judgment rendered in his behalf was and is void and of no effect, and that his motion to set aside said order vacating the judgment of divorce should have been sustained. It seems to us that the case of Bentz v. Bentz (Ky.), 54 S. W., 715, sustains the contention of appellant. It appears from the opinion in the case *supra* that: "On the 2d of August, 1899, an absolute judgment of divorce was entered in Kenton Circuit Court. . . . The judgment reserved nothing for future adjudication, and was of such a character as to take the case off the docket finally. On the 7th of the same month an order was entered setting aside the judgment of divorce, and plaintiff excepted and at once moved to set it aside. His motion was overruled, and from this judgment this appeal is prosecuted. If it be conceded that, for cause shown, the court had the power to set aside the judgment of divorce, still that cause must appear of record, and there must be something of record on which the court can act; otherwise, the action of the court would be unauthorized. Upon the record as it stood, the court was without authority or power to redocket the case and make an order vacating the judgment of his own motion. Indeed, it seems, from the principles announced in Bristow v. Bristow (Ky.) 51 S. W., 819,

no order annulling such a judgment can be made, except upon petition of the parties thereto, as provided under section 426 of the Civil Code of Practice. We can but regard this order of annulment as unauthorized and void, and the judgment overruling the motion to set it aside is therefore reversed." It seems clear to us that the order complained of, which set aside the judgment of divorce, was unauthorized and void, and appellant's motion to set the same aside ought to have prevailed. If, however, this be not so, we are still of the opinion that the appellant showed himself entitled to a divorce, and that a judgment divorcing him from the appellee should have been entered, under the evidence finally introduced and presented to the court. It therefore follows that the order complained of was erroneous, and that the judgment dismissing the appellant's petition was also erroneous. The judgment is therefore reversed, and the cause remanded, with directions to set aside the order which set aside the judgment of divorce, and for proceedings consistent herewith.