CASE 8.—ACTION BY FRED DROSTE AGAINST DORA
DROSTE FOR DIVORCE.—April 28, 1910.

## Droste v. Droste

Appeal from Kenton Circuit Court.

M. L. HARBESON, Judge.

From a judgment setting aside a divorce decree
plaintiff appeals.—Modified and affirmed.

1.  Divorce—Decree—Vacation—During     Term—Jurisdiction.—
    Civ. Code Prac. section 344, provides that, if grounds for a
    new trial be discovered after the term at which the verdict
    or decision is rendered, the application may be made not later
    than the second term after the discovery, etc., within three
    years after final judgment, but that the section shall not
    apply to divorce cases so far as the judgment for divorce is
    concerned. Held that, after the term, a court has no power
    to set aside a divorce decree except under section 426, provid-
    ing for annulment of a judgment for divorce by the court
    rendering it on a verified petition of the parties, but that
    section 344 did not deprive the court of jurisdiction to grant
    a new trial in an action for divorce during the term, provided
    the parties have not remarried.

2.  Divorce—New Trial—Conservation of Property.—Where the
    court granted a new trial to the wife in an action for di-
    vorce, and she applied for an order restraining her husband
    from conveying his property pendente lite, the court should
    hear evidence as to the value of the husbasnd's estate and
    restrain him from disposing of one-third of it pending final
    determination of the action, or require the execution of a
    forthcoming bond in a sum equal in value to one-third of
    the estate.

J. M. DIAL for appellant.

ROBT. C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The parties to this record are husband and wife. The appellant instituted this action against appellee for a divorce upon the ground that she had been guilty of adultery. Being a nonresident, she was proceeded against by warning order service, and in due time upon evidence heard a judgment was entered granting the appellant a divorce. The report of the warning order attorney stated that he had not received any response to his letter, and the judgment went by default. During the term and while the court had control over the judgment, the appellee filed her affidavit stating that she had no notice whatever of the pendency of the suit until a few days after the judgment was rendered. She denied all the averments of the petition, and asked that the judgment be set aside and she be allowed to present her defense. In answer to this motion appellant filed a counter affidavit, denying the statements contained in the affidavit of appellee; and upon hearing the matter the court set aside the judgment and permitted appellee to file her answer, in which she controverted the allegations of the petition, and by way of counterclaim sought alimony and a divorce from appellant upon the ground that he had been guilty of cruel and inhuman conduct towards her. As a part of this pleading, she set up that appellant, unless restrained by the court, would fraudulently sell, convey, or conceal his property, and moved the court to enjoin appellant from disposing of his property until the hearing and determination of the cause. Upon this last-named motion evidence was heard by the court, and an order entered restraining the ap-

pellant from disposing of his property until the further orders of the court.

On this appeal two questions are raised by counsel for appellant. One is that the court had no power to set aside the judgment of divorce and grant a new trial; and the other is that the order restraining the appellant from disposing of his property should be set aside.

In Meyar v. Meyar, 3 Metc. 298, the court held that the lower court had the same power to set aside a judgment and grant a new trial in divorce cases as it did in other cases, and that a judgment granting a divorce might be set aside for good cause shown even after the term at which it was rendered, and although the party obtaining the divorce had married between the time of the rendition of the judgment granting the divorce and the motion for a new trial. The Code then, as now, provided in section 426 that "a judgment of divorce from the bond of matrimony may be annulled by the court which rendered it upon a petition verified by the parties in person so requesting it;" and the court held that this section was not intended to preclude the annulment of a judgment of divorce if within due time grounds for its annulment were presented. But in the revision of the Code made in 1877 there was added to section 373 of the old Code, now section 344 of the present Code, a new clause providing that a judgment granting a divorce should not be set aside after the expiration of the term at which it was granted.

In accordance with this addition to the Code, it was held in Ficener v. Ficener, 3 S. W. 597, 8 Ky. Law Rep. 867, that the grounds for setting aside ordinary judgments at law or in equity after the expiration of the term do not apply to judgments for

divorce which become final, but that during the term and while the condition of both parties remains unchanged the judgment may be set aside at the instance of either of the parties, but not without notice to the other.

In Bristow v. Bristow, 51 S. W. 819, 21 Ky. Law Rep. 481, an appeal was prosecuted from an order of the lower court refusing to set aside a judgment of divorce entered on November 28th, upon motion made on December 17th. The court said that section 426 of the Civil Code provides that a "judgment of divorce from the bond of matrimony may be annulled by the court which rendered it upon a petition verified by the parties in person so requesting it, and this is the only method provided by law for the vacation of such judgments." But it is manifest from the previous decision of the court in Ficener v. Ficener, supra, as well as subsequent opinions, that the motion in this case to set aside the judgment was made after the term at which it was rendered, although the opinion does not so recite.

In Bentz v. Bentz, 54 S. W. 715, 21 Ky. Law Rep. 1225, the court, citing with apparent approval the ruling in Bristow v. Bristow, held that an order annulling a divorce was unauthorized and void, although made during the term, as it appeared that one of the parties, after the divorce had been granted and before the order of annulment was made, had married.

In McCracken v. McCracken, 109 Ky. 766, 60 S. W. 720, 22 Ky. Law Rep. 1448, it was held on the authority of Bentz v. Bentz that the court had no power to set aside a judgment of divorce entered on the 26th of May upon a motion made on July 16th, although the record does not show whether the motion

was made during the term or that either of the parties had married after the divorce was granted and before the order setting it aside was entered.

In Hendrix v. Hendrix, 76 S. W. 165, 25 Ky. Law Rep. 632, the judgment of divorce was entered on September 18th. In May following, upon motion of the defendant, the judgment was set aside. In considering the case upon an appeal by plaintiff from the order setting aside the judgment, the court said: "The only question necessary to be determined upon this appeal is: Did the lower court have the power to set aside the judgment of September, 1901, granting the appellant a divorce from the bonds of matrimony? The grounds for setting aside ordinary judgments at law or in equity after the expiration of the term do not apply to judgments for divorce, which become final. During the term, however, and while the condition of both parties remains unchanged, the judgment may be set aside at the instance of one party, but not without notice to the other."

In Greer v. Greer, 76 S. W. 166, 25 Ky. Law Rep. 655, and in the response to the petition for rehearing in the same case found in 77 S. W. 703, 25 Ky. Law Rep. 1247, after a review of the authorities, the rule announced in Hendrix v. Hendrix was adhered to.

We think the apparent conflict in the cases is due more to the failure to state fully in the opinion the facts than to any other cause, and that the rule established by the later cases and to which we adhere is that a judgment for divorce may be set aside during the term at which it was rendered upon motion made by either of the parties after due notice to the other, provided the condition of the parties has not changed; or, in other words, if neither of them marries after the judgment of divorce is entered, and before it is

set aside.  But, if either of the parties marries after the divorce is granted and before it is set aside, then the court is without power to annul the divorce, although the motion so to do may be made during the term.  But, after the term, the court has no power to set aside a judgment granting a divorce.  It can only be annulled in the manner pointed out in section 426 of the Civil Code.  The motion in this case to set aside the judgment was made during the term, and after notice to the other party; the only error in the practice being that it was not made to appear to the court by affidavit or otherwise that neither of the parties had married after the divorce was granted and before the judgment was set aside.  We think, however, we may safely assume that neither of the parties had married, as, if the appellant had married after the divorce was granted and before it was set aside, he would surely have stated this vital fact in his affidavit resisting the motion.  Taking it for granted, then, that the condition of the parties had not changed since the divorce was granted, we are of the opinion that the court was fully justified in setting aside the judgment and granting the appellee a new trial.

In reference to the motion to dissolve the restraining order issued by the court, which motion was made before me as a judge of the court in chambers but heard by the court, we are of the opinion that upon a return of the case the court should hear evidence as to the value of the estate owned by appellant, and make such orders as will restrain the appellant pending the final determination of the action of disposing of one-third of his estate.  If the appellant chooses to do so, the court may permit him to execute a bond to have forthcoming subject to the order of the court a sum equal in value to one-third of his estate.  In

indicating that the court shall preserve as directed one-third of the estate of the appellant, we˙do not, of course, mean that on the final hearing the court shall if appellee is granted the relief sought adjudge her one-third of the estate. The amount, if any, the court allows appellee, will be determined by the court when the case is disposed of.

The judgment granting a new trial is affirmed; and the order restraining the defendant from disposing of˙his property is modified as herein indicated.