## Summers v. Summers.

(Decided February 8, 1912.)

## Appeal from Logan Circuit Court.

Divorce—Power to Set Aside Judgment During Term.—The court has the power to set aside a judgment of divorce at the term at which it is entered, if it is satisfactorily made to appear to the court that the condition of the parties has not changed since the judgment was entered, or, in other words, if it is shown that neither of the parties has married. But, in the absence of some satisfactory evidence in the form of affidavit or otherwise that the condition of the parties has not changed since the judgment of divorce was entered, the court has no authority even during the term to set aside a judgment granting an absolute divorce.

S. R. CREWDSON and J. W. LINTON for appellant.

A. R. DEWITT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

George T. Summers, the appellee, brought a suit for divorce against his wife, the appellant, on the ground that they had lived separate and apart without cohabitation for five years. Summons was duly executed upon appellant to appear at the February term of the Logan Circuit Court. When the case was called at this term, the appellant failing to answer or make any defense, judgment by default was entered on February 11th, giving appellee an absolute divorce from the bonds of matrimony with the appellant and restoring him to all the rights and privileges of an unmarried man. On a subsequent day of the term, to-wit: February 15th, appellant moved the court to set aside the order of submission and judgment and grant her a new trial. In support of this motion she filed her affidavit, setting out good reasons why she did not in due time make defense to the action, and also tendered an answer and counter-claim, in which after traversing the averments of the petition she affirmatively asked that she be allowed maintenance and alimony. On the day the motion was made, the court entered an order setting aside the judgment and allowing the answer and counter-claim to be filed, and at the same time counsel for appellee filed a reply to the answer and counter-claim. These were the only orders made at the February term. At the May term,

on motion of counsel for appellee, he was allowed to withdraw his reply, and on the same day he entered a motion to set aside the order vacating the judgment and permitting the appellant to file her answer. This motion on a subsequent day of the May term the court sustained, and set aside the order entered at the February term setting aside the order of submission and judgment. From this order this appeal is prosecuted.

It will be observed that during the February term, and four days after the judgment of divorce was granted, the court vacated and set aside the judgment. It does not appear from the record that any notice was given appellee that a motion would be made to set aside the judgment in his behalf, nor does it appear from the record that he has ever had notice that this judgment was vacated, although his attorney of course knew it had been, as he filed a reply to the answer and counter-claim. In entering the order at the May term, setting aside the order made at the February term vacating the judgment, the court was evidently of the opinion that it had no power to set aside the judgment of divorce and so the order vacating it might be treated as a nullity and set aside at a subsequent term. There is no provision of the Code authorizing the court to set aside a judgment of divorce after the term in which it is entered, nor is there any provision specifically authorizing the court to set aside a judgment granting a divorce during the term. But, in Droste v. Droste, 138 Ky., 53, we held, after reviewing the sections of the Code and the cases upon the subject under consideration, that:

"The rule established by the later cases and to which we adhere is that a judgment for divorce may be set aside during the term at which it was rendered upon motion made by either of the parties after due notice to the other, provided the condition of the parties has not changed; or, in other words, if neither of them marries after the judgment of divorce is entered, and before it is set aside. But, if either of the parties marries after the divorce is granted and before it is set aside, then the court is without power to annul the divorce, although the motion so to do may be made during the term. But, after the term, the court has no power to set aside a judgment granting a divorce."

Adhering to the ruling in that case, we are of the opinion that the court has the power to set aside a judgment of divorce at the term at which it is entered, if it

is satisfactorily made to appear to the court that the condition of the parties has not changed since the judgment of divorce was entered, or, in other words, if it is shown that neither of them has married. But, in the absence of satisfactory evidence in the form of affidavit or otherwise that the condition of the parties has not changed since the judgment of divorce was entered, the court should not even during the term set aside a judgment granting an absolute divorce. And, when a motion is made to set aside such a judgment, the party making the motion should by affidavit or in some other manner satisfy the court that neither of the parties has married since the judgment of divorce was entered. Without information upon this point, the court has no authority to interfere with the judgment because it would be a most unfortunate condition of affairs if after the judgment of divorce was entered one of the parties should marry and thereafter the judgment granting the divorce should be set aside. This procedure would seriously embarrass and injure not only the party to the divorce proceeding who had married but the other party to the marriage relation, and, to avoid the consequences that might follow, the court should not under any conditions or at any time set aside a judgment granting an absolute divorce until satisfied that the condition of the parties had not changed since the divorce was granted. We are therefore of the opinion that the court properly set aside so much of the order as vacated the judgment of divorce.

It is not entirely clear from the record whether so much of the order as allowed the appellant to file an answer and counter-claim was set aside or not, but we are inclined to the opinion—and such seems to be the view of counsel—that it was the intention of the court not only to set aside the order vacating the judgment of divorce, but to set aside the order allowing the answer and counter-claim to be filed. Adopting this view of the meaning and effect of the order, we are of the opinion that the court erred in denying to appellant the right to prosecute her claim for alimony, for although the appellee was granted an absolute divorce, she had yet a right under the circumstances of this case to prosecute her claim for alimony. In other words, her condition was the same as if she had before the judgment of divorce was entered filed her answer and counter-claim, and thereafter upon a consideration of

the case the court had entered a judgment of divorce but continued the case to dispose of the question of alimony.

Wherefore, so much of the order as set aside the order allowing appellant to file her pleading asserting alimony is reversed, with directions to permit the parties to have a trial upon this issue alone.