## Bushong v. Bushong.

(Decided March 8, 1938.)

TERRY L. HATCHETT for appellant.

DENHAM & CARTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

This is an appeal from a judgment of the Monroe circuit court. Appellee, Joe Ed Bushong, filed a peti-

tion in equity purporting to set out grounds for divorce from the appellant, Florence A. Bushong. He alleged that he and appellant were married in the state of California on November 13, 1932, and that in June, 1934, "the defendant, without fault or like fault willfully deserted this plaintiff." No doubt appellee intended to allege that it was he who was without fault, but, as the petition reads, it would appear that it was the defendant who was free from blame. A warning order was issued, and a warning order attorney was appointed. He reported that he had been unable to locate the defendant and that he knew of no affirmative defense he could make. Thereafter proof was heard, and the chancellor granted the divorce. About four months after the divorce was granted appellant learned of it, apparently for the first time, and filed a motion to vacate the judgment on the ground that the affidavit for the warning order was defective and void and the petition was insufficient. The chancellor refused to set aside the judgment, and this appeal followed.

There can be no doubt of the insufficiency of the petition or the impropriety of the manner of taking proof in support of it without notice to anyone. It is obvious, however, that these questions go to the correctness of the judgment granting the divorce, and we are without authority to reverse it. Kentucky Statutes, sec. 950-1.

It is contended that the judgment is void because of the claimed defects in the affidavit for a warning order, and this is really the only question presented which we are at liberty to consider. The allegations in support of the appointment of a warning order attorney are:

"Plaintiff says that the defendant when last heard from was in the State of California; that she is a non-resident of the State of Kentucky and is now absent therefrom and when last heard from she was residing at Long Beach, California, but plaintiff does not now know in what State she resides nor the name of a place in the state in which she resides where a Post Office is kept where she gets her mail."

It is first insisted that the affidavit is defective because it does not allege that the defendant is "believed" to be absent from the state, as required by subsection 2

of section 57 of the Civil Code of Practice. It will be noted, however, that the affidavit makes the direct allegation that the defendant is absent from the state. Under the circumstances, we do not conceive that the omission of the word ''believe'' was fatal. It would be most unreasonable to assume that an allegation made with more particularity than the Code required would thereby be rendered invalid.

It is next insisted that the affidavit is invalid because it makes no attempt to state the name of the country where the defendant resides or may be found, or the plaintiff's ignorance of these facts as required by section 58 of the Civil Code of Practice. It is argued that the defendant might have been living in Toronto, London, Paris, or Berlin, and plaintiff have known of this fact, so far as this affidavit indicates. Certainly the affidavit is not artfully drawn, but we cannot bring ourselves to the view urged by appellant's counsel. Appellee averred that he did not know in what state appellant resided nor the name of a place in the state *in which she resides* where a post office is kept. Certainly this may be fairly taken as an assertion that she resided in a state and not in a foreign country. We therefore conclude that appellant's contention cannot be sustained and that, howsoever erroneous the proceedings may have been, it is not within our power to disturb them.

Counsel for appellant recognizes the obstacle presented by the provision of section 950-1 of the Kentucky Statutes, but insists that he is not asking for a reversal of the judgment of divorce itself, but simply for a reversal of the order overruling the motion to vacate and set aside the judgment. We cannot do by indirection that which the statute prohibits us from doing directly, and the necessary effect of our judgment reversing the chancellor in his refusal to vacate the judgment of divorce would be simply to reverse the judgment for divorce. The court had jurisdiction of the parties and the subject-matter, and we are left at last with the insurmountable obstacle that the judgment granting the divorce is not void. It is therefore beyond the power of this court to reverse it.

Judgment affirmed.