## Bushong v. Bushong.

May 10, 1940.

J. C. Carter, Sr., Judge.

Terry L. Hatchett for appellant.

B. F. Denham and J. C. Carter, Jr., for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

At the August, 1936, term of the Monroe Circuit Court the appellee was granted a divorce from the appellant on the ground of one year's abandonment, which, it was alleged, had occurred in the state of California in June, 1934. The petition was defective, and among the allegations on which a warning order was made was the statement that when last heard from the appellant was residing in Long Beach, California. These allega-

tions are set forth in full in our opinion in the case of Bushong v. Bushong, 272 Ky. 474, 114 S. W. (2d) 735, 736, which was an appeal prosecuted by the present appellant after the Circuit Court had overruled her motion to vacate the judgment of divorce on the ground that it was void because of the deficiencies in the affidavit and the petition. In concluding our opinion in that case we said:

> "Counsel for appellant recognizes the obstacle presented by the provision of Section 950-1 of the Kentucky Statutes, but insists that he is not asking for a reversal of the judgment of divorce itself, but simply for a reversal of the order overruling the motion to vacate and set aside the judgment. We cannot do by indirection that which the statute prohibits us from doing directly, and the necessary effect of our judgment reversing the chancellor in his refusal to vacate the judgment of divorce would be simply to reverse the judgment for divorce. The court had jurisdiction of the parties and the subject-matter, and we are left at last with the insurmountable obstacle that the judgment granting the divorce is not void. It is therefore beyond the power of this court to reverse it."

Following her unsuccessful attempt to procure a vacation of the judgment in the manner prescribed by Section 763, Civil Code of Practice, the appellant instituted the present action under the provisions of Section 518, Civil Code of Practice, attacking the judgment on the ground that it had been procured by fraud in that the appellee had abandoned the appellant in Los Angeles, California, in the summer of 1935, and, for the purpose of preventing her from obtaining knowledge of the institution of his suit for divorce had alleged that when last heard from appellant was residing in Long Beach, California, when he knew that at the time the appellant was residing at No. 75 Pierce Street in San Francisco, California. The appellee traversed the allegations of the petition, and pleaded affirmatively in bar of appellant's claim to relief the decision of this court above alluded to. The testimony convinces us that the appellee abandoned the appellant in California in the summer of 1935, but it does not convince us that appellee's statement that when last heard from appellant was residing

in Long Beach, California, was fraudulently made. Several witnesses testified that they had received post cards from the appellant post marked "Long Beach, California," shortly before the appellee instituted his action for divorce; and the dismissal of the petition by the chancellor was tantamount to a finding by him on conflicting testimony that the appellee had not committed a fraud on the jurisdiction of the court.

Thus is presented for our determination the question whether a judgment of absolute divorce obtained by fraudulent testimony as to the existence of grounds therefor as distinguished from fraud practiced in conferring apparent jurisdiction upon the court granting it, can be set aside after the expiration of the term at which the judgment was entered. It will be observed that Section 344, Civil Code of Practice, providing for the grant ing of new trials upon grounds discovered after the ex piration of the term, and Section 414, Civil Code o.' Practice, providing for the granting of new trials to defendants constructively summoned, expressly except from their operation judgments for divorce. Section 950-1, Kentucky Statutes, prohibits this court from reversing a judgment granting a divorce; and Section 2120, Kentucky Statutes, provides that a judgment for divorce may be annulled by the court rendering it on the joint application of the parties. Section 426, Civil Code of Practice, provides that a judgment of divorce may be annulled by the court which rendered it upon a petition verified by the parties requesting it, and this section of the Code, in conjunction with the section of the statute last referred to, have been construed by this court as providing the only method by which a judgment granting an absolute divorce may be annulled after the expiration of the term. Droste v. Droste, 138 Ky. 53, 127 S. W. 506. Thus it is apparent that although a judgment for absolute divorce may be set aside by the court granting it during the term at which it was granted, if neither party has re-married (Droste v. Droste), it is the settled policy of this State, as reflected by its statutory enactments, that whatever penalties may be visited upon those who obtain divorces without just cause, those who deal with them in reliance upon their altered status should not sustain injury through the destruction of that status. But one exception to this rule exists: Where apparent jurisdiction to grant the divorce has

been conferred upon the court granting it by the fraudulent act of the successful party, the court imposed upon may, after the expiration of the term, vacate the judgment, either upon motion, as provided by Section 763, Civil Code of Practice, or by an independent action instituted in accordance with the provisions of Section 518, Civil Code of Practice. Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728; Crowe v. Crowe, 264 Ky. 603, 95 S. W. (2d) 251.

Since we have no more than a doubt as to the correctness of the finding of the chancellor that fraud was not practiced by appellee in order to confer upon the court apparent jurisdiction, we would not be justified in disturbing that finding. Neither was the judgment of divorce void because of irregularities appearing upon the face of the papers. Bushong v. Bushong, supra. It follows that we have no alternative but to affirm the judgment appealed from, since the only fraud shown was that practiced in establishing the alleged grounds for divorce, for which there is no civil remedy. However, as pointed out in the case of Logsdon v. Logsdon, supra, the appellant may still obtain monetary redress for any wrongs which she may have suffered at appellee's hands by instituting an action to recover alimony.

The conclusions reached render it unnecessary for us to consider appellant's plea of res judicata based upon the decision of the former appeal.

Judgment affirmed.