## KENMONT COAL CO. v. FISHER et al.

Court of Appeals of Kentucky.

June 19, 1953.

Willis W. Reeves, Hazard, for appellant.
Duff Arnett, Hazard, for appellees.

CAMMACK, Justice.

This is an appeal from a judgment of the Leslie Circuit Court dismissing the petition of the appellant, the Kenmont Coal Company, asking for vacation of a judgment of that court. The judgment under attack had vacated a decree of divorce granted by that court against Empsie Fisher, the appellee. The divorce was granted to George Fisher

in 1947, and he was killed in 1950, while in the employment of the appellant. Proceedings on a claim before the Workmen's Compensation Board have been suspended pending the outcome of this litigation.

The Fishers were married in Virginia, in 1923, and moved to Kentucky in 1927. George worked as a miner in Kentucky until 1942. The family then moved to Baltimore where both of the Fishers were employed in defense plants. Due to family difficulties, Empsie and the children left Baltimore in July, 1944, and went to Newport News, Virginia. George remained in Baltimore until February, 1945, then went to Fairfax County, Virginia, and finally came to Leslie County, Kentucky, in January, 1946. On February 17, 1947, George filed a petition for divorce in the Leslie Circuit Court on the ground of abandonment for over one year. Service by publication was had on Empsie and a judgment granting the divorce was entered on August 26, 1947. George subsequently moved to Perry County, Kentucky, and began working for Kenmont Coal Company. He was killed in an accident on July 27, 1950, and an administrator was appointed by the County Court of Perry County in December, 1950.

On December 7, 1950, Empsie filed a petition in equity in the Leslie Circuit Court against the administrator seeking to have the divorce decree vacated. She alleged that George had not moved to Kentucky until the fall of 1946 and had not been a resident of Kentucky for one year at the time the suit was filed; that she had received no notice from the warning order attorney; that she had given George no grounds for divorce; and that she had a good defense. She asserted that the divorce judgment was void for want of jurisdiction of the parties and the subject matter. In her deposition she gave the date of George's return to Kentucky variously as March and September, 1946, but also testified that the last time she had heard of him was in February, 1945. She testified that she was forced to leave him in Baltimore because of his excessive drinking and threats to her life with a loaded shotgun. She further testified that, although she had not received a letter from the warning order attorney, George wrote her daughter in June, 1947, telling her that he had received a divorce and in September, 1947, she obtained a copy of the decree by writing the Leslie Circuit Court Clerk. She took no action because she could not afford the money and time off from work necessary for a trip to Kentucky.

The Leslie Circuit Court entered a judgment on June 1, 1952, annulling the divorce "for jurisdictional fraud against the honor and dignity of the court" upon findings that George was not a resident of Kentucky one year next preceding the filing of his petition; that the matrimonial domicile was in Maryland and not in Kentucky; and that constructive notice to Empsie did not confer jurisdiction over the matrimonial res on the Leslie Circuit Court.

The appellant was not a party to the action asking that the divorce judgment be vacated and had no notice of it until after the decree was entered and Empsie had filed a claim with the Compensation Board. It then filed this petition to set aside the vacation decree on the ground that Empsie obtained it fraudulently by false allegations that George had not been a resident and had been at fault; that Kenmont was a necessary party; that the validity of the divorce was a moot question; and that the administrator was not a proper party and did not defend in good faith. The appellee filed a general demurrer claiming that Kenmont was merely a potential debtor and was not a proper party to a domestic relations action. The demurrer was sustained, and the appellant then filed an amended petition which merely re-asserted that it was interested, but in more vehement language.

On July 17, 1952, the special judge entered an order dismissing the petition and amended petition. The opinion of the court stated that the divorce was voidable, and then said:

"* * * after the death of G. E. Fisher, the court had no authority to set aside the divorce; however, this was done by a former judge of this court, and this court has a reluctance in vacating that order.

"This court is of the opinion that the parties should have a remedy, but finds no precedent for the factual situation here presented."

This Court does not share the special judge's reluctance. The judgment of the Leslie Circuit Court purporting to vacate the divorce decree had no basis whatever in law and should have been declared void. Decrees of divorce are given a special sanctity in Kentucky. They can not be reversed by this Court, KRS 21.060, and they can not be reached by motion for a new trial on grounds discovered after the term, Civil Code of Practice, section 344, nor by motion for a new trial by a defendant constructively summoned, Civil Code of Practice, section 414. Indeed the Court has said that no order granting a divorce may be set aside except upon petition of both of the parties under Civil Code of Practice, section 426. Bristow v. Bristow, 51 S.W. 819, 21 Ky.Law Rep. 481; McCracken v. McCracken, 109 Ky. 766, 60 S.W. 720, 22 Ky.Law Rep. 1448. That statement is not quite true, since the vacation of a divorce decree has been allowed (even after the husband's death) where there was no proper service on the wife. See Ramsey's Ex'r v. Ramsey, 233 Ky. 507, 26 S.W.2d 37 (the wife was an insane person). And also where a husband secured a divorce by substituted service on false affidavits that the wife was out of the state and her address was unknown. The Court said that the wife might have the divorce vacated (even after the husband's remarriage) by a suit in the same court which granted it on the ground of fraud, under Civil Code of Practice, section 518(4). Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728. To the same effect see Crowe v. Crowe, 264 Ky. 603, 95 S.W.2d 251, and Bushong v. Bushong, 283 Ky. 36, 140 S.W.2d 610.

■ None of these cases can help the appellee in this case, however, because George Fisher was granted a divorce by the Leslie Circuit Court upon substituted service duly made, upon due proof of residence and want of fault, and upon a finding that he was entitled to the divorce. That decree can not be set aside without clear and convincing proof of an utter lack of jurisdiction. True enough, in the appellee's suit to vacate the divorce judgment the Leslie Circuit Court entered a judgment based on findings that George had not lived in Kentucky for a year next preceding the filing of the divorce and that the court had no jurisdiction over the marital res. There was, however, no substantial evidence to support these findings. Empsie did testify that she had heard George did not come to Kentucky until September, 1946, but elsewhere she stated she heard nothing from him after February, 1945, and that to the best of her knowledge he came to Kentucky in March, 1946. This is far from the clear and satisfactory proof needed to set aside a finding of residence in the divorce judgment on the grounds of fraud on the jurisdiction of the court. 17 Am.Jur., Divorce and Separation, section 458, p. 376.

■■ The appellee further argues that, even if George had been personally within the jurisdiction of the court for over one year, the Leslie Circuit Court had no jurisdiction over the marital res because George abandoned his wife without fault on her part outside the State of Kentucky and thus could not bring the marital res into Kentucky. For this proposition she cites a long line of Supreme Court cases, beginning with Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867. These cases are conflicts cases dealing with the power of one state to re-examine findings of the court of another state on the issue of domicile despite the full faith and credit clause of the Constitution of the United States and are not in point. It is clear that a state can exercise jurisdiction to dissolve the marriage of spouses where one is domiciled within the state and the other is domiciled outside the state. Restatement, Conflict of Laws, 1948 Supplement, section 113. Such a decree is valid in the state of the forum, irrespective of what effect may be given to it in other states. 17 Am.Jur., Divorce and Separation, section 253, p. 281. Thus if George was a bona fide resident of Kentucky, as we must believe he was in the absence of convincing proof to the contrary, the Leslie Circuit Court clearly had jurisdiction to grant the divorce decree, and it could not be set aside even if his state-

ments charging his wife with an abandonment were perjured. The judgment vacating the divorce was a nullity. Bushong v. Bushong, 283 Ky. 36, 140 S.W.2d 610; Self v. Self, 293 Ky. 255, 168 S.W.2d 743.

■ The appellee contends further that, even if the judgment vacating the divorce is a nullity, Kenmont has no standing to bring this action to set that judgment aside, since it can not become a party to a domestic relations suit. She argues that a divorce action is personal to the parties, and that no one can bring an action to vacate a divorce except one of the parties to the marriage. This is true only insofar as the divorce itself is concerned and not in regard to property. It has even been said that all parties whose interests will be adversely affected by vacation of a judgment of divorce must be made parties defendant. 17 Am.Jur., Divorce and Separation, section 457, p. 375. In Morris v. Morris, 299 Ky. 235, 185 S.W.2d 244, we affirmed a judgment sustaining a special demurrer to a motion by a first wife to set aside a divorce where the only person served was the second wife of the deceased husband. We gave as one reason for the decision the fact that the second wife had not been a party to the divorce action.

■ But here we are dealing with the proper parties to an action to set aside a judgment vacating a divorce. The appellant alleges that it will be affected substantially if the judgment vacating the divorce is not set aside because it will be unjustly subjected to a liability of over $8,000 flowing from a void judgment; and also that the sole purpose of the appellee in procuring the judgment vacating the divorce was to effect this result. Under these circumstances we are of the opinion that the appellant had a sufficient interest to maintain the action to set aside the judgment vacating the decree wherein the divorce was vacated.

The judgment of the Leslie Circuit Court dismissing the petition of appellant is reversed, and the case is remanded for entry of a judgment annulling the judgment vacating the divorce.