Teila LITTERAL, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 577.

United States District Court
E. D. Kentucky,
Catlettsburg Division.

April 17, 1963.

William L. Steele, Ashland, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., William Watson, Arthur L. Brooks, Asst. U. S. Attys., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

Plaintiff seeks review of a decision by the Secretary of Health, Education and Welfare denying her application for widow's benefits under the Social Security Act (42 U.S.C.A. § 401 et seq.).

The facts are not in dispute and can be simply stated as follows:

Plaintiff married Luster Litteral in 1940 and was divorced from him in 1958. On November 5, 1959 the Circuit Court of Magoffin County entered an order in response to a joint application of plaintiff and Luster Litteral decreeing that the 1958 divorce be annulled and held for naught. Luster Litteral died November 27, 1959 and plaintiff's claim for benefits is derived from his status as a wage earner.

The reason assigned for denying plaintiff's application is that 42 U.S.C.A. § 416(c) requires as a condition to eligibility for widow's benefits that the claimant have been married to the wage earner for at least a year next preceding his death unless certain other circumstances be present which by legislative definition qualify the claimant as a "widow". It is the plaintiff's contention that the order annulling the divorce decree operates to put her in the status she would have enjoyed if there never had been a divorce. The court favors her position.

The Circuit Court of Magoffin County in decreeing the annulment of the divorce acted under the authority of Ky. Rev.Stat. 403.040 which provides in part as follows:

"(2) The court rendering a judgment for divorce may, at any time, annul it on the joint application of the parties, and restore the parties to the condition of husband and wife; but no divorce shall there-

after be granted between them for the same or a like cause."

The court has been unable to find cases directly in point and must make the initial interpretation of this statute as it relates to a situation like the case at bar.

■ The operative word in the section is "annul" and there being absent anything that would indicate that a special meaning is to be ascribed to this verb, the court must assume that it is used in its common acceptation of:

"1. To reduce to nothing; to annihilate; obliterate; blot out. 2. to make void or of no effect; to nullify; to abolish * * *." Webster's International Dictionary, 2d Ed.

Now if the 1958 divorce judgment had been made "void and of no effect", it cannot operate in any manner upon plaintiff's rights growing out of her marriage to Luster Litteral. If it has been "reduced to nothing", the marriage of plaintiff and Luster was continuous from 1940 to his death in 1959. This conclusion conforms to the usage of "annul" in connection with marriage. It is a truism that the annulment of a marriage puts the parties in the same legal situation they would have occupied if there had been no marriage. 26 Am.Jur., Husband and Wife, sec. 116. The court must further observe that any other construction of this section would strip it of real significance. If an annulment of a divorce were to be viewed as prospective in operation only, the same result could be achieved by the remarriage of the parties and an annulment of the divorce would have no special function.

The cases cited by counsel for the defendant lead to no other conclusion. Berning v. Berning, 255 Ky. 699, 75 S.W.2d 355 (1934) concerned an agreed motion to annul a divorce that through inadvertence had remained in the court files for six years without any ruling on it having been made. One of the parties then sought to withdraw her consent to the motion with the idea that the divorce would thereby be viable again.

The trial court held that it was too late to withdraw consent and entered an order annulling the divorce as of six years earlier when the agreed motion was filed. The Court of Appeals reversed on the ground that the passage of time did not alter the necessity that both parties in fact give their consent to the motion for annulment. The government relies on language in the opinion to the effect that a judgment of annulment cannot relate back to the time the petition for annulment was filed and validate the cohabitation of the parties in the interim. This does not mean that a judgment of annulment purely and simply has no relation to the past. The court in Berning was only saying that the annulment order could not be entered *nunc pro tunc* the time of the petition for it.

Defendant cites Bushong v. Bushong, 283 Ky. 36, 140 S.W.2d 610 (1940); Summers v. Summers, 146 Ky. 653, 143 S.W. 27 (1912); and Droste v. Droste, 138 Ky. 53, 127 S.W. 506 (1910) for language indicating that a decree of divorce will not be vacated where the rights of third parties might be affected. These cases do not seem pertinent for various reasons. In the first place none of them involved a party proceeding under K.R.S. 403.040 or its precursors. Secondly the question in each case was should the divorce be vacated. In the case at bar the divorce has already been vacated and the issue concerns the legal consequences of the annulment. Thirdly references by the Court of Appeals to the rights of third parties were postulated on the marriage of one of the parties between a divorce and its annulment. Here we are not concerned with so profound a change of status by the third party involved nor do we have any action in reliance on the divorce decree. Finally, references in these cases to third parties were dicta for there was nothing in any of the opinions to indicate that there were in fact third parties whose rights might be touched by the annulment of the divorce.

■ The court must hold that the annulment order did relate back to the

1958 divorce and render it void and of no effect. The decision of the Secretary must be reversed with a direction that new findings be made consistent with this conclusion. An order to this effect will be entered this day.