**Josephine GREENWELL, Appellant,**

v.

**Gertrude L. GREENWELL, Administratrix of the Estate of Bowling T. Greenwell, Deceased, Appellee.**

Court of Appeals of Kentucky.

Nov. 21, 1969.

Rehearing Denied Feb. 6, 1970.

---

Raymond C. Stephenson, Lawrence S. Grauman, Louisville, for appellant.

I. G. Spencer, Jr., Clements, Spencer & O'Bryan, Louisville, for appellee.

DAVIS, Commissioner.

Josephine Greenwell filed a motion pursuant to CR 60.02 seeking relief from a final judgment rendered in a divorce action in which she and her now-deceased husband, Bowling T. Greenwell, were litigants. From the adverse ruling on that motion, she prosecutes this appeal.

On June 16, 1967, Bowling T. Greenwell filed suit for divorce in the Jefferson Circuit Court. Mrs. Greenwell employed

Honorable Robert Speckman as her attorney in the divorce action, and he filed for her an answer and counterclaim denying the husband's claimed grounds for divorce and asserting her entitlement to a divorce. After hearing the evidence presented by both parties, the chancellor filed his findings of fact and conclusions of law by the terms of which he noted that the husband had failed to establish a cause of action for divorce. The chancellor proceeded to direct the award of divorce to the wife and fixed the property rights of the parties. The findings were filed of record on September 16, 1968.

Mrs. Greenwell asserts that she had not authorized her attorney to seek a divorce in her behalf and that it was not until October 1, 1968, that she learned that a counterclaim for divorce in her behalf had been filed. She related that she undertook to consult her lawyer on October 1 but found him to be engaged. She said that he told her he would communicate with her but that he had not done so. On October 7, 1968, Mrs. Greenwell wrote a letter to the presiding judge which, omitting the caption, is as follows:

"I understand from records on file in the Court House that Josephine Greenwell (Defendant) demands the complaint of Bowling T. Greenwell (Plaintiff) dismissed, and further demands an absolute divorce from the Plaintiff. Judge Allen, I am contesting the divorce. I have never at any time mentioned wanting a divorce. Mr. Speckman had me come to his office on September 23rd, 1968. We had a talk, said he would contact me in a few days.

"I did not know of this record in regards to my demand for a divorce until after I had been to Mr. Speckman's office.

"I called Mr. Speckman on October 1st, 68. He had someone in his office, would call me later that day. As of this date, October 7th, I have not heard from Mr. Speckman.

"Judge Allen, I apologize for writing you, but I do not know what to do to get this record corrected.

"Thank you kindly. Very truly yours, Mrs. Josephine Greenwell."

When that letter was received by the chancellor, he replied to it on October 8, 1968, as follows:

"I have in hand your letter dated October 7, 1968. I am placing it in the file so that Mr. Speckman and Mr. I. G. Spencer, counsel for your husband, can inspect it.

"As you state in your letter, your pleading demands an absolute divorce from your husband. I, of course, know nothing of what you told Mr. Speckman in his office and must be bound by the testimony taken before the Court and the records filed in the courtroom.

"At the present time no steps have been taken to effectuate the absolute divorce which I held you were entitled to under my findings of fact and conclusions of law."

Copies of the chancellor's letter were furnished to the lawyers for the respective parties.

The chancellor had provided in his findings of fact and conclusions of law that counsel for Mrs. Greenwell "may tender a judgment granting his client an absolute divorce and the other relief set out in the opinion." Mr. Speckman, as counsel for Mrs. Greenwell, did not tender any judgment in her behalf. However, on October 22, 1968, counsel for Mr. Greenwell served notice that he would tender a judgment on October 24, 1968, to conform to the findings of fact and conclusions of law which the court had entered. The notice of that motion was served upon Mr. Speckman, as attorney for Mrs. Greenwell. Accordingly, On October 24, 1968, the court did enter judgment consistent with the finding which he had made on September 16, 1968. Mrs. Greenwell said that she

first learned of the entry of that judgment when she read of it in a newspaper on October 30, 1968. Apparently, she believed that no judgment awarding her a divorce would be entered in light of her correspondence with the trial judge and conversation with her own attorney.

Mr. Greenwell died on January 13, 1969. The personal representative of the deceased husband was properly substituted as a party of record and filed motion for rule to require Mrs. Greenwell to execute the necessary documents to comply with the judgment on February 18, 1969. On March 18, 1969, Mrs. Greenwell filed her motion under CR 60.02 to set aside the judgment which had been entered October 24, 1968, asserting that:

"* * * (1) said judgment was entered by the Court through mistake or inadvertence to the surprise and/or excusable neglect of the defendant; (2) said judgment was entered through the misconduct of plaintiff despite the Court's order limiting the right to apply for a divorce to this defendant; (3) and for other reasons of an extraordinary nature justifying relief from the operation of said judgment."

The chancellor afforded an evidentiary hearing on Mrs. Greenwell's motion to set aside the judgment after which he rendered his opinion and entered an order denying the motion. A pertinent portion of the chancellor's opinion is as follows:

"Examination of the affidavit of Mrs. Greenwell filed in support of her motion and of the evidence produced before the Court reveals at most a mistake on the part of Mrs. Greenwell as to the effect that her letter had on the Court and on counsel. She apparently believed that because she had requested the Court after a full trial had been had and after findings of fact and conclusions of law had been entered not to enter a divorce that the divorce judgment would not be entered. She was represented by counsel at all times and he knew that plaintiff was pressing for the entry of a judgment which would divorce the parties as well as settle their property and alimony rights. There was no motion to withdraw the allegations of the counterclaim as to the grounds for divorce nor was any objection tendered to the entry of the judgment within the time prescribed by law.

"It appears rather obvious that defendant is unhappy now not primarily because of the fact that she was given a divorce but because the effect of her husband dying so recently after the entry of the divorce judgment has resulted in her not receiving as many financial benefits as she would have had he survived. Neither she nor the Court nor anyone connected with the case had any notion that the plaintiff was going to die so shortly after the trial. All parties proceeded in good faith, and as stated before, the Court awarded Mrs. Greenwell practically all of the relief that she demanded in her counterclaim except for title to Apartment 1."

The appellee has moved to dismiss the appeal on the ground that KRS 21.060(1)(b) precludes appeal from that portion of a judgment granting a divorce. In support of that position, appellee relies upon Bushong v. Bushong, 272 Ky. 474, 114 S.W.2d 735; Winfrey v. Winfrey, 286 Ky. 245, 150 S.W.2d 689; and Elswick v. Elswick, Ky., 322 S.W.2d 129. Appellant counters the motion to dismiss on the premise that the divorce judgment was void, pointing to Ramsey's Ex'r v. Ramsey, 233 Ky. 507, 26 S.W.2d 37; Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728; Crowe v. Crowe, 264 Ky. 603, 95 S.W.2d 251; and McDaniel v. McDaniel, Ky., 383 S.W.2d 344. We passed the motion to consideration of the case upon its merits. We are now persuaded that the motion to dismiss should be sustained, since it is apparent that the divorce judgment is not a void judgment. Both Mrs. Greenwell and her counsel were apprised of the chancellor's intention to enter a judgment of divorce in behalf of Mrs.

Greenwell before any such judgment was entered. There was no formal motion in behalf of Mrs. Greenwell to withdraw her counterclaim for divorce, nor was any objection made to the entry of the judgment even though her counsel had notice that the judgment would be tendered for entry. In these circumstances, it may not be said that the trial court's judgment was void or that any fraud in obtaining the judgment so tainted it as to require its being set aside within the rationale of the authorities just cited. It follows that the appeal must be dismissed.

The appeal is dismissed.

All concur.