**The ESTATE OF Luther Royce MILLS, Appellant**

v.

**Shirley MILLS, Appellee**

**NO. 2013–CA–001384–DG**

Court of Appeals of Kentucky.

RENDERED: JULY 2, 2015; 10:00 A.M.

Rehearing Denied October 26, 2015.

---

2. Kentucky Rules of Civil Procedure.

ON DISCRETIONARY REVIEW FROM JEFFERSON CIRCUIT COURT, HONORABLE A.C. MCKAY CHAUVIN, JUDGE, ACTION NO. 12–XX–000123

BRIEF FOR APPELLANT: J. Russell Lloyd, Louisville, Kentucky.

BRIEF FOR APPELLEE: Allen McKee Dodd, Jacob W. Crouse, Louisville, Kentucky.

BEFORE: CLAYTON, D. LAMBERT, AND J. LAMBERT, JUDGES.

*OPINION*

J. LAMBERT, JUDGE:

The Estate of Luther Royce Mills (Luther's estate) appeals from the Jefferson Circuit Court's September 13, 2012, order holding that Shirley Mills and Luther Royce Mills were married at the time of Luther's death in October 2011. After Luther's Last Will and Testament was submitted for probate, Shirley asked the trial court to rule on the issue of whether she and Luther were married at the time of his death. Both the trial court and the Jefferson Circuit Court ruled that the parties were still in fact married. After careful review, we affirm the ruling of the Jefferson Circuit Court.

On December 30, 1991, Luther and Shirley were married. It was their second marriage to each other. The parties subsequently separated on July 31, 1993. On April 18, 1994, the parties appeared with counsel to try their dissolution of marriage action. On April 25, 1994, the Jefferson Circuit Court, Division One entered its findings of fact, conclusions of law, and decree. The decree divided the parties' property, addressed their obligations, and dissolved the parties' marriage.

On April 27, 1994, Luther moved the court to clarify and set aside its final order. In his motion, Luther asked that he be restored his 1989 truck and that his obligation to Shirley be reduced by $9,000.00. He did not ask that the decree, insofar as it dissolved the marriage, be set aside.

On May 5, 1994, Shirley asked the trial court to grant her a new trial "as to the issue of the amount, division, and allocation of the marital value added to the residence located at 11921 Poplarwood Drive ... and as to the issue of maintenance." Shirley also asked that she be awarded the 1989 truck and the $5,000.00 coin collection. Shirley did not ask that the decree, insofar as it dissolved the marriage, be set aside.

On September 22, 1994, the trial court granted the parties a new trial. The order specifically stated, "After reading the briefs, IT IS HEREBY ORDERED: (1) The Decree and Order of April 25, 1994, is set aside and the parties are granted a new trial. (2) The case is set for trial on November 7, 1994 at 2:00 p.m." Neither party ever appeared for said subsequent trial, and no further substantive orders were issued by the trial court.

Following the entry of the decree, Luther and Shirley continued their rocky relationship. There is no dispute that, from time to time, Luther and Shirley cohabitated. Some years, Luther and Shirley filed tax returns as "married" (Tax Years 2006 and 2007). Some years, Luther and Shirley filed tax returns as "single" (Tax Years 2001, 2008, 2009, and 2010). The parties continued to return to court, however. On January 15, 2009, the parties appeared on a Domestic Violence Petition brought by Shirley. When the question of the April 25, 1994, decree came up, Judge Jerry J. Bowles, after reviewing the pleadings, stated that Shirley and Luther might be divorced. The record reflects that the fol-

lowing exchange occurred at the DVO hearing:

*Luther Mills's Attorney:* "Judge, I have not had a chance to review the file in its totality ... I can't advise the Court of whether it's final, or if anything has occurred after that, I don't know, I don't want to make any misrepresentations to the Court."

*Judge Jerry Bowles:* "This looks like a decree of dissolution in '93. It shows it was entered in the Court on April 25, 1994 ... okay ... you (Ms. Mills) may want to contact a lawyer and have them look into if there was proper service or any basis for the decree not to be entered, otherwise it does appear to be a valid decree entered by Judge Potter on April 25, 1994.

On October 22, 2011, Luther died. On April 30, 2012, Shirley filed her motion asking the Jefferson District Court, Probate Division to determine whether she and Luther were married at the time of his death. On June 18, 2012, the trial court conducted a brief hearing on Shirley's motion and the objections of Luther's Estate. On September 13, 2012, the trial court entered its final and appealable order in this matter. That order held that the decree of dissolution entered on April 25, 1994 by the Jefferson Circuit Court, Division One, did not dissolve the marriage of Luther and Shirley. For that reason, the trial court held that the marriage of Luther and Shirley was still valid at the time of Luther's death. The court cited to *Droste v. Droste,* 138 Ky. 53, 127 S.W. 506, 508 (1910), for the proposition that " a judgment for divorce may be set aside during the term at which it was rendered upon motion made by either of the parties after due notice to the other, provided the condition of the parties has not changed[.]" The court reasoned that since neither party had remarried as of the entry of the

September 22, 1994, order, the order of the Jefferson Circuit Court, Division One, setting aside the decree of dissolution was appropriate and valid. On October 10, 2012, the trial court entered an order denying Luther's Estate's motion to vacate.

On November 9, 2012, Luther's Estate filed its notice of appeal to the Jefferson Circuit Court. On July 12, 2013, the Jefferson Circuit Court entered its opinion and order. It held that 1) the proper standard of review was clear error, and 2) the trial court did not commit clear error in finding that Luther and Shirley were married in 2011. Luther's Estate now appeals to this Court.

On appeal, Luther's Estate argues that the standard of review is *de novo,* not clearly erroneous. Further, it argues that Luther and Shirley were not married at the time of Luther's death.

■ A review of the record indicates that the Jefferson Circuit Court articulated the proper standard of review for reviewing findings of fact and the standard for reviewing questions of law. We agree that the ultimate conclusion as to whether Luther and Shirley were married at the time of Luther's death is a legal question, and thus a *de novo* review is appropriate. *See Revenue Cabinet v. Comcast Cablevision of the South,* 147 S.W.3d 743, 747 (Ky.App.2003). *See also Smith v. Smith,* 235 S.W.3d 1, 6 (Ky.App.2006).

■ Luther's Estate contends that on April 25, 1994, the Jefferson Circuit Court entered a decree dissolving the parties' marriage and that such decree was final and cannot be reviewed. Our State Constitution directs that there shall be no review "... from that portion of a judgment dissolving a marriage." Ky. Const. § 115. Luther's Estate argues that the General Assembly has also spoken on this issue. Once a Decree is entered dissolving

a marriage, the parties to that marriage are authorized to marry again. Kentucky Revised Statutes (KRS) 403.010. Luther's Estate points out that when reviewing the issue, Former Supreme Court of Kentucky Justice Keller and Hon. Louise E. Graham both concluded that the Constitution and General Assembly prohibit review of the dissolution of a marriage. 15 Ky. Prac. Domestic Relations L. Sec. 8:8.

Luther's Estate further contends that the modern reported cases are unanimous in holding that an order granting a new trial does not set aside an actual dissolution of marriage. *Clements v. Harris,* 89 S.W.3d 403, 404 (Ky.2002) (citing *Whitney v. Whitney,* 7 Bush 520, 70 Ky. 520 (1870); *Irwin v. Irwin,* 105 Ky. 632, 49 S.W. 432 (1899); *DeSimone v. DeSimone,* 388 S.W.2d 591 (Ky.1965); and *Drake v. Drake,* 809 S.W.2d 710 (Ky.App.1991)). Luther's Estate argues that the district court's reliance on *Droste* was in error because the opinion was rendered prior to the enactment of Section 115 of the Kentucky Constitution and prior to the enactment of KRS 403.010. Luther's Estate also points out that the enforceability of *Droste* was subsequently called into question. In *Wilburn v. Wilburn,* 296 Ky. 781, 178 S.W.2d 585 (1944), the court ruled that *Droste* applied only in circumstances in which the parties' marriage had been erroneously dissolved, but the decree was not void on its face.

Luther's Estate argues that in the instant matter, the parties' marriage was dissolved by a good and valid decree, and that at that time, either party was free to marry. The fact that neither did so is not relevant. The Estate argues that the only event that could have returned Shirley to the status of surviving spouse would be a remarriage to Luther.

Shirley argues that the district and circuit courts were correct in their determinations that she and Luther were married at the time of Luther's death. Shirley emphasizes the clear language of the Jefferson Circuit Court, Division One's September 13, 2012, order stating, "the language [in the September 22, 1994 Order setting aside the divorce decree] could not be clearer and is certainly not within the province of the District court to find that the action of a Circuit Court judge setting aside his own decree is not valid." Shirley contends that deference should be given to the decision of Judge Potter, the judge who presided over the divorce proceeding between Luther and Shirley, to grant the parties a new trial.

Shirley also argues that the cases cited by the Estate do not apply to the factual circumstances at play here. She argues that the cases refer to an appellate court's lack of authority to dissolve or set aside a decree of dissolution and are based on KRS 22A.020(3), which states that, "Notwithstanding any other provision in this section, there shall be no review by appeal or by writ of certiorari from that portion of a final judgment, order, or decree of a Circuit Court dissolving a marriage." Shirley argues that nothing in that statute prevents the trial court from setting aside its own decree of dissolution.

While we agree that a trial judge is in the best position to determine whether fairness demands that a retrial be had, we also note that neither Luther nor Shirley petitioned the trial court to set aside the actual divorce decree. Instead, as the record clearly reflects, the parties were arguing over property and money, and both asked the trial court to amend the award of marital property. *See Brown v. Louisville & N.R. Co.,* 144 Ky. 546, 139 S.W. 782, 783 (1911). Thus, it seems attenuated for Shirley to now argue that she was urging the trial court to throw out the actual decree because the parties had de-

cided to remain married. While this may have been the parties' wishes after the fact, the fact of the matter is that neither of the parties petitioned the trial court to set aside the actual divorce decree.

■ However, we are ultimately most persuaded by Shirley's argument that the trial court's order in this case never became final. It is a basic tenet of Kentucky law that a civil judgment does not become final until ten days after it has been entered. *See Harris v. Camp Taylor Fire Protection District,* 303 S.W.3d 479, 482 (Ky.App.2009) (citing to *Mullins v. Hess,* 131 S.W.3d 769, 774 (Ky.App.2004)). Thus, a decree of dissolution, like other civil judgments, does not become a final judgment until ten days after the order is issued. *Ping v. Denton,* 562 S.W.2d 314, 317 (Ky.1978). Because both parties timely filed CR 52 and CR 59 motions to set aside the April 25, 1994, order and to grant a new trial, which the court granted, this prevented the decree of dissolution from ever becoming a final judgment. In *Atkisson v. Atkisson,* 298 S.W.3d 858, 866 (Ky. App.2009), this Court stated that "[u]pon the filing of a timely CR 59.05 motion, a 'final judgment' is converted into an interlocutory judgment until the motion is adjudicated." *See also Gullion v. Gullion,* 163 S.W.3d 888, 891 (Ky.2005) (stating that a ruling on a post-judgment motion is necessary to achieve finality, and procedurally, a CR 59.05 motion stays finality until the new motion is ruled upon). The Jefferson Circuit Court specifically stated in the last order it entered in the divorce petition that it was setting aside its own decree and ordering a new trial. This order became the final law in this case ten days after its entry. Because a new trial never occurred and another divorce decree was never entered, the parties were still married at the time of Luther's death.

The Jefferson District Court, Probate Division, and the Jefferson Circuit Court properly held that the parties were still married at the time of Luther's death in 2011. Accordingly, we affirm the orders on appeal.

ALL CONCUR.